KEVIN P. ALLEN, State Bar No. 252290
kallen@aghwlaw.com
ALLEN, GLAESSNER, HAZELWOOD & WERTH, LLP
180 Montgomery Street, Suite 1200
San Francisco, CA  94104
Telephone:      (415) 697-2000
Facsimile:       (415) 813-2045

Attorneys for Defendant
CITY OF ANTIOCH

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| NICHOLAS K. VIEIRA,<br><br>            Plaintiff,<br><br>       v.<br><br>JOSEPH ZALEC, CITY OF ANTIOCH, COUNTY OF SACRAMENTO; and DOES 1 through 30, Inclusive,<br><br>            Defendants. | Case No. 3:18-cv-05431-VC<br><br>**DEFENDANT CITY OF ANTIOCH'S ANSWER TO COMPLAINT**<br><br>Hon. Vince Chhabria<br><br>Trial:      None set |

Come now Defendant CITY OF ANTIOCH ("Defendant"), and in answer to the complaint on file herein admit, and allege as follows:

**INTRODUCTION**

1.     This paragraph is an Introduction, to which no response is required. To the extent an answer is deemed required, Defendant responds as follows: in answer to the allegations of paragraph 1 of the complaint, this defendant has no information or belief to enable it to answer said allegations, and for that reason and basing its denials on that ground, deny both generally and specifically, each and every, all and singular, the allegations contained therein.

**PARTIES**

2.     In answer to the allegations of paragraph 2 of the complaint, this defendant has no information or belief to enable it to answer said allegations, and for that reason and basing its

denials on that ground, deny both generally and specifically, each and every, all and singular, the allegations contained therein.

3. In answer to the allegations of paragraph 3 of the complaint, beginning and ending with "City of Antioch (CITY) … were are duly organized public entities … existing under the laws of the State of California," admitted. In answer to all remaining allegations of paragraph 3 of the complaint, this defendant has no information or belief to enable it to answer said allegations, and for that reason and basing its denials on that ground, deny both generally and specifically, each and every, all and singular, the allegations contained therein.

4. In answer to the allegations of paragraph 4 of the complaint, this defendant has no information or belief to enable it to answer said allegations, and for that reason and basing its denials on that ground, deny both generally and specifically, each and every, all and singular, the allegations contained therein.

5. In answer to the allegations of paragraph 5 of the complaint, this defendant has no information or belief to enable it to answer said allegations, and for that reason and basing its denials on that ground, deny both generally and specifically, each and every, all and singular, the allegations contained therein.

6. In answer to the allegations of paragraph 6 of the complaint, this defendant has no information or belief to enable it to answer said allegations, and for that reason and basing its denials on that ground, deny both generally and specifically, each and every, all and singular, the allegations contained therein.

7. In answer to the allegations of paragraph 7 of the complaint, this defendant has no information or belief to enable it to answer said allegations, and for that reason and basing its denials on that ground, deny both generally and specifically, each and every, all and singular, the allegations contained therein.

8. In answer to the allegations of paragraph 8 of the complaint, this defendant has no information or belief to enable it to answer said allegations, and for that reason and basing its denials on that ground, deny both generally and specifically, each and every, all and singular, the allegations contained therein.

ALLEN, GLAESSNER, HAZELWOOD & WERTH, LLP
180 Montgomery Street, Suite 1200
San Francisco, California 94104

278045.1

9.      In answer to the allegations of paragraph 9 of the complaint, beginning and ending with "The incident which is the subject of this action occurred on September 12, 2017," admitted. In answer to all remaining allegations of paragraph 9 of the complaint, this defendant has no information or belief to enable it to answer said allegations, and for that reason and basing its denials on that ground, deny both generally and specifically, each and every, all and singular, the allegations contained therein.

## JURISDICTION AND VENUE

10.     In answer to the allegations of paragraph 10 of the complaint, this defendant has no information or belief to enable it to answer said allegations, and for that reason and basing its denials on that ground, deny both generally and specifically, each and every, all and singular, the allegations contained therein.

11.     In answer to the allegations of paragraph 11 of the complaint, beginning and ending with "all incidents, events, and occurrences giving rise to this action, occurred in the County of Contra Costa, California," admitted. In answer to all remaining allegations of paragraph 11 of the complaint, this defendant has no information or belief to enable it to answer said allegations, and for that reason and basing its denials on that ground, deny both generally and specifically, each and every, all and singular, the allegations contained therein.

## FACTS COMMON TO ALL CLAIMS FOR RELIEF

12.     In answer to the allegations of paragraph 12, Defendant adopts and fully incorporates by reference its responses to Paragraphs 1-11.

13.     In answer to the allegations of paragraph 13 of the complaint, this defendant has no information or belief to enable it to answer said allegations, and for that reason and basing its denials on that ground, deny both generally and specifically, each and every, all and singular, the allegations contained therein.

14.     In answer to the first sentences of paragraph 14 of the complaint, this defendant has no information or belief to enable it to answer said allegations, and for that reason and basing its denials on that ground, deny both generally and specifically, each and every, all

ALLEN, GLAESSNER, HAZELWOOD & WERTH, LLP
180 Montgomery Street, Suite 1200
San Francisco, California 94104

278045.1

and singular, the allegations contained therein. In answer to the second sentence of paragraph 14 of the complaint, denied.

# FIRST CLAIM FOR RELIEF

## Unreasonable Search and Seizure and Due Process-Excessive Force

### (42 USC § 1983)

(Against ZALEC)

15. In answer to the allegations of paragraph 15, Defendant adopts and fully incorporates by reference its responses to Paragraphs 1-14.

16. In answer to the allegations of paragraph 16 of the complaint, this defendant has no information or belief to enable it to answer said allegations, and for that reason and basing its denials on that ground, deny both generally and specifically, each and every, all and singular, the allegations contained therein.

17. In answer to the allegations of paragraph 17 of the complaint, this defendant has no information or belief to enable it to answer said allegations, and for that reason and basing its denials on that ground, deny both generally and specifically, each and every, all and singular, the allegations contained therein.

18. In answer to the allegations of paragraph 18 of the complaint, this defendant has no information or belief to enable it to answer said allegations, and for that reason and basing its denials on that ground, deny both generally and specifically, each and every, all and singular, the allegations contained therein.

19. In answer to the allegations of paragraph 19 of the complaint, this defendant has no information or belief to enable it to answer said allegations, and for that reason and basing its denials on that ground, deny both generally and specifically, each and every, all and singular, the allegations contained therein.

///
///
///
///

## **SECOND CLAIM FOR RELIEF**

**Government Liability for Unconstitutional Custom or Policy**

**(42 USC 1983)**

(Against COUNTY and Does 1 through 12)

20. In answer to the allegations of paragraph 20, Defendant adopts and fully incorporates by reference its responses to Paragraphs 1-19.

21. In answer to the allegations of paragraph 21 of the complaint, this defendant has no information or belief to enable it to answer said allegations, and for that reason and basing its denials on that ground, deny both generally and specifically, each and every, all and singular, the allegations contained therein.

22. In answer to the allegations of paragraph 22 of the complaint, this defendant has no information or belief to enable it to answer said allegations, and for that reason and basing its denials on that ground, deny both generally and specifically, each and every, all and singular, the allegations contained therein.

23. In answer to the allegations of paragraph 23 of the complaint, this defendant has no information or belief to enable it to answer said allegations, and for that reason and basing its denials on that ground, deny both generally and specifically, each and every, all and singular, the allegations contained therein.

24. In answer to the allegations of paragraph 24 of the complaint, this defendant has no information or belief to enable it to answer said allegations, and for that reason and basing its denials on that ground, deny both generally and specifically, each and every, all and singular, the allegations contained therein.

25. In answer to the allegations of paragraph 25 of the complaint, this defendant has no information or belief to enable it to answer said allegations, and for that reason and basing its denials on that ground, deny both generally and specifically, each and every, all and singular, the allegations contained therein.

26. In answer to the allegations of paragraph 26 of the complaint, this defendant has no information or belief to enable it to answer said allegations, and for that reason and basing its

ALLEN, GLAESSNER, HAZELWOOD & WERTH, LLP
180 Montgomery Street, Suite 1200
San Francisco, California 94104

1  denials on that ground, deny both generally and specifically, each and every, all and singular, the
2  allegations contained therein.

3      27.    In answer to the allegations of paragraph 27 of the complaint, this defendant has
4  no information or belief to enable it to answer said allegations, and for that reason and basing its
5  denials on that ground, deny both generally and specifically, each and every, all and singular, the
6  allegations contained therein.

## THIRD CLAIM FOR RELIEF

**Unreasonable Search and Seizure and Due Process**

**(42 USC 1983)**

(Against CITY and Does 13 through 22)

28.    In answer to the allegations of paragraph 28, Defendant adopts and fully incorporates by reference its responses to Paragraphs 1-27.

29.    Denied.

30.    Denied.

31.    Denied.

WHEREFORE, defendant prays that plaintiff takes nothing by way of the complaint on file herein and that defendant has judgment for his costs, attorneys' fees and for such other and further relief as the court deems proper.

### FIRST AFFIRMATIVE DEFENSE

AS AND FOR A FIRST, SEPARATE AND DISTINCT DEFENSE, DEFENDANT ALLEGES:

Plaintiff's' causes of action are barred by statute of limitations.

### SECOND AFFIRMATIVE DEFENSE

AS AND FOR A SECOND, SEPARATE AND DISTINCT DEFENSE, DEFENDANTS ALLEGE:

Plaintiff failed to mitigate his damages.

/ / /

/ / /

278045.1

### THIRD AFFIRMATIVE DEFENSE

AS AND FOR A THIRD, SEPARATE AND DISTINCT DEFENSE, DEFENDANT ALLEGES:

Any and all acts or omissions of the City of Antioch and/or the Antioch Police Department, its agents and employees, which allegedly caused the injury at the time and place set forth, were the result of an exercise of discretion vested in them.

### FOURTH AFFIRMATIVE DEFENSE

AS AND FOR A FOURTH, SEPARATE AND DISTINCT DEFENSE, DEFENDANTS ALLEGE:

At all times mentioned in the complaint, defendants' officer(s) were public employee(s) of the City of Antioch and, as such, is not liable for any of these acts or omissions alleged in the complaint because the complaint only alleges that defendants are liable based on the acts or omissions of others.

### FIFTH AFFIRMATIVE DEFENSE

AS AND FOR A FIFTH, SEPARATE AND DISTINCT DEFENSE, DEFENDANT ALLEGES:

Defendant's alleged employee(s) mentioned in plaintiff's complaint were, at all times, duly qualified, appointed and acting police officers of City of Antioch and peace officers of the State of California and in accordance with the Constitution of the United States and the State of California and the laws of the United States and the laws of the State of California; and at all times mentioned herein, said officers were engaged in the performance of his/her regularly assigned duties within the scope of his/her duties as peace officer of the City of Clovis.

### SIXTH AFFIRMATIVE DEFENSE

AS AND FOR A SIXTH, SEPARATE AND DISTINCT DEFENSE, DEFENDANTS ALLEGE:

This answering defendant acted in good faith and with a reasonable belief that the actions were lawful and further did not directly or indirectly perform any acts whatsoever which would constitute a breach of any duty owed to plaintiff.

278045.1

## SEVENTH AFFIRMATIVE DEFENSE

AS AND FOR A SEVENTH, SEPARATE AND DISTINCT DEFENSE, DEFENDANT ALLEGES:

The acts of this answering defendant were lawful and proper and in all respects reasonable and legal.

## EIGHTH AFFIRMATIVE DEFENSE

AS AND FOR A EIGHTH, SEPARATE AND DISTINCT DEFENSE, DEFENDANTS ALLEGE:

Should plaintiff recover non-economic damages against any defendant, the liability for non-economic damages is limited to the degree of fault and several liability of said defendant pursuant to Civil Code section 1431.2 and a separate, several judgment shall be rendered against said defendant based upon said defendant's degree of fault and several liability.

## NINTH AFFIRMATIVE DEFENSE

AS AND FOR A NINTH, SEPARATE AND DISTINCT DEFENSE, DEFENDANT ALLEGES:

Plaintiff's cause(s) of action are barred by *Heck v. Humphrey*, 512 U.S. 477 (1994).

## TENTH AFFIRMATIVE DEFENSE

AS AND FOR A TENTH, SEPARATE AND DISTINCT DEFENSE, DEFENDANTS ALLEGE:

Plaintiff's cause(s) of action are barred by collateral estoppel and/or res judicata.

///
///
///
///
///
///
///
///

## ELEVENTH AFFIRMATIVE DEFENSE

AS AND FOR AN ELEVENTH, SEPARATE AND DISTINCT DEFENSE, DEFENDANT ALLEGES:

Defendant may be entitled to additional defense(s), of which Defendant is not currently aware. Defendant reserves the right to assert additional affirmative defense(s).

Respectfully submitted,

Dated: December 21, 2018

ALLEN, GLAESSNER,
HAZELWOOD & WERTH, LLP

By: */s/ Kevin P. Allen*
KEVIN P. ALLEN
Attorneys for Defendant
CITY OF ANTIOCH