3Legal caption page

1 | Hoyt E. Hart II, SBN 125088
2 | **ATTORNEY AT LAW**
  | PO Box 675670
3 | Rancho Santa Fe, CA 92067
  | Tel.  (858) 756-1636
4 | Fax  (858) 756-1407

5 | Attorney for Plaintiff

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NICHOLAS K. VIEIRA, | Case No. 3:18-cv-05431-JCS |
| Plaintiff, | |
| v. | **FIRST AMENDED COMPLAINT FOR DAMAGES (FRCP Rule 15)** |
| JOSEPH ZALEC; CITY OF ANTIOCH; COUNTY OF SACRAMENTO; and DOES 1 through 30, Inclusive; | |
| Defendants. | |
| | **DEMAND FOR JURY TRIAL** |

## **FIRST AMENDED COMPLAINT FOR DAMAGES**

Plaintiff NICHOLAS K. VIEIRA, for his First Amended Complaint against Defendants JOSEPH ZALEC, CITY OF ANTIOCH, COUNTY OF SACRAMENTO, and Does 1-30, inclusive, allege as follows:

## JURISDICTION

1. This civil rights action seeks compensatory damages, punitive damages, and attorneys fees from Defendants pursuant to Title 42 USC sections 1983 and 1988 for violation of Plaintiff's civil rights. Jurisdiction is founded upon Title 28 USC sections 1331 and 1343. This court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 USC section 1367.

## VENUE

2. Plaintiff's claims alleged herein arose in the City of Antioch, a city in Contra Costa County, within the venue of the Northern District of California pursuant to 28 USC section 1391 (b)(2).

## INTRODUCTION

3. This is a civil rights action with supplemental state law claims arising from Defendant Zalec's use of excessive deadly force upon Plaintiff Vieira on the evening of September 12, 2017. Specifically, Defendant Zalec shot unarmed Plaintiff Vieira from inside his large closed pickup truck. The immediate justification for the shooting was Plaintiff's approach to Defendant Zalec's truck to inquire who he was following Zalec's striking Plaintiff Vieira's person and later ramming Plaintiff Vieira's truck with Defendant Zalec's large pickup truck. This conduct was ratified by Defendants County of Sacramento and City of Antioch which Defendants thereafter engaged in a biased

investigation based on ZALEC'S false statements to obfuscate this unjustified shooting. Plaintiff further alleges that the improper use of force and biased investigation in this case was the result of policies, practices, and customs of the County of Sacramento and City of Antioch.

## **PARTIES**

4. At all times mentioned herein, Plaintiff NICHOLAS K. VIEIRA (hereinafter "VIEIRA"), was and is a resident of the county of Contra Costa, California.

5. At all relevant times, City of Antioch (hereinafter CITY) and County of Sacramento (hereinafter COUNTY) were and are duly organized public entities, form unknown, existing under the laws of the State of California. At all times mentioned, COUNTY was the employer of JOSEPH ZALEC, who was a COUNTY sheriff's deputy, Does 1 through 5 who were COUNTY sheriff's deputies, Does 6 through 8 who were COUNTY supervisor level sheriff's deputies, and Does 9 through 12 who were managerial, supervisors, and policymaking employees of the COUNTY sheriff's department. On information and belief, JOSEPH ZALEC (hereinafter ZALEC) was and is an employee of COUNTY and a resident of the County of Contra Costa, California. JOSEPH ZALEC is sued in his individual capacity, and as an employee of COUNTY.

6. At all times mentioned, CITY was the employer of Does 13 through 15 who were CITY police officers, Does 16 through 18 who were CITY supervisor level police officers, and Does 19 through 22 who were managers, supervisors, and policymaking employees of the CITY police department. On information and belief, Does 13 through 22 were residents of the County of Contra Costa, California. Does 13 through 22 are sued in their individual capacity.

7. At all relevant times, Defendants ZALEC, and Does 1 through 22, were duly authorized employees of COUNTY and CITY, who were acting under color of law, within the course and scope of their respective duties as sheriff's deputies and police officers and with the complete authority and ratification of their principal, Defendants COUNTY and CITY. At all relevant times, Does 1 through 22 were duly appointed deputies and/or employees or agents of COUNTY and/or CITY, subject to oversight and supervision by said defendants' elected and non-elected officials.

8. In doing the acts, and failing and omitting to act, as hereinafter described, Defendants Does 1 through 22 were acting on the implied and actual permission and consent of COUNTY and/or CITY.

9. At all times mentioned herein, each and every COUNTY and/or CITY defendant was the agent of each and every other COUNTY and/or CITY defendant and had the legal duty to oversee and supervise the hiring, conduct, and employment of each and every other COUNTY and/or CITY defendant.

10. Plaintiff does not know the true names and/or capacities of fictitious DOES sued herein as DOES 1 through 30, and each of them; plaintiff has information and belief and thereupon alleges, each of said defendants had legal duties to plaintiffs and breached those duties thereby directly and proximately causing the injuries and damages alleged herein, and were in some negligently and carelessly responsible for the injuries and damages hereinafter alleged; plaintiffs pray leave when said amounts are ascertained, they may be permitted to amend and insert the same herein with appropriate allegations.

## EXHAUSTION OF GOVERNMENT TORT CLAIMS PROCEDURES

11. The incident which is the subject of this action occurred on September 12, 2017. On or about March 16, 2018, COUNTY rejected Plaintiff's timely noticed tort claim. On or about April 27, 2018, CITY rejected Plaintiff's timely noticed tort claim. This action was filed within six (6) months of said claim rejection, as required by law.

## FACTS COMMON TO ALL CLAIMS FOR RELIEF

12. On September 12, 2017, Defendant ZALEC 1.) hit Plaintiff VIEIRA'S person with his truck, 2.) rammed Plaintiff VIEIRA'S vehicle with his truck, and 3.) shot Plaintiff VIEIRA from inside the cab of ZALEC'S closed pickup truck, all without advising Plaintiff of his status as a sheriff's deputy, or that he was armed, and with no warning at all. Thereafter, ZALEC misrepresented key facts of the incident to investigators, and Defendant CITY

skewed its investigation to protect ZALEC and implicate Plaintiff VIEIRA, leading to VIEIRA being charged with stalking and assault with a deadly weapon, while ZALEC was not charged with any crime. Defendant COUNTY employee deputy sheriffs and ZALEC'S coworkers then celebrated the shooting with high five gestures and solicitations for ZALEC to come shoot the ex-boyfriends of the other deputies' girlfriends.

13. At the time of the shooting, VIEIRA was a twenty-nine (29) year old employee of Strategic Threat Management, a licensed security company, and was himself licensed by the state of California to carry a loaded firearm while on duty. VIEIRA was not on duty and was thus not armed. He is the father of then three (3) year old Ann Marie Azevedo Vieira, with her mother Alicia Azevedo (hereinafter ALICIA). VIEIRA paid child support to ALICIA and was a regular fixture in his daughter's life.

14. The relationship of ALICIA and VIEIRA is one of smooth periods of family interaction, periodically interrupted by argument, breakup, and reconciliation. On or about September 12, 2017, Plaintiff noticed ALICIA being picked up at school late at night by a man he did not know. VIEIRA followed the pickup truck to find out who the man was.

15. At a stoplight, VIEIRA approached Defendant ZALEC'S pickup truck, on the drivers side, to inquire as to why his girlfriend and mother of his child was picked up from school by a man he did not know. ZALEC, smirking through his window, quickly accelerated his truck and deliberately struck Plaintiff in the arm and shoulder with the truck's driver's side mirror.

16. Now fearing for his and ALICIA'S safety, Plaintiff followed the truck again and when it had stopped at another stop light, pulled in front to block it and approached the truck to find out who the driver was. As VIEIRA walked around the back of his vehicle, ZALEC, still smirking, rammed Plaintiff's vehicle in the left rear quarter-panel.

17. Having already been personally struck and his truck rammed by ZALEC, Plaintiff then took a wooden stick (Tire Buddy) from his truck for self defense and approached the driver's side of ZALEC'S truck. Without advising Plaintiff of his status as a sheriff's deputy, or that he was armed, and with no warning at all that Plaintiff could hear, ZALEC fired his service weapon through his closed window, striking Plaintiff in the arm. As he ran away from the scene, Plaintiff heard ZALEC yelling to stop, that he was a police officer.

18. At the time of the shooting, Plaintiff was unarmed and posed no imminent threat of death or injury to ZALEC or any other person. Thereafter, CITY and Does 13 through 22, investigated the shooting in a manner intended to implicate VIEIRA and protect ZALEC. Defendant ZALEC knowingly made several misrepresentations to CITY investigators, including but not limited to a.) that Plaintiff had physically hit the mirror of ZALEC'S truck; b.) that Plaintiff had collided with ZALEC'S truck; and c.) that Plaintiff had raised the 'tire buddy' in a threatening manner, all for the purpose of misconstruing Plaintiff as the sole aggressor and ZALEC as the sole victim. As a result, even though ZALEC *struck* VIEIRA with his truck, and later *rammed* VIEIRA'S vehicle and *shot* him, VIEIRA was charged with assault with a deadly weapon

(truck).  CITY and Does 13 through 22 further failed to obtain or preserve other critical evidence necessary for VIEIRA to defend himself from the criminal charges brought against him, depriving Plaintiff of his due process rights under the Fifth and Fourteenth Amendments to the United States Constitution, and forcing him to plead no contest to said charges.

## **FIRST CLAIM FOR RELIEF**

**Unreasonable Search and Seizure and Due Process-Excessive Force**

**(42 USC § 1983)**

(Against ZALEC and COUNTY)

19.  Plaintiff refers to and incorporates by reference each and every allegation set forth in paragraphs 1 through 18 of the preceding General Allegations as if fully set forth herein.

20.  At the first interaction with VIEIRA, Defendant ZALEC claims he identified himself as an off duty sheriff's deputy employed by COUNTY.  After shooting VIEIRA, ZALEC actually identified himself as law enforcement and attempted to arrest VIEIRA.  ZALEC shot VIEIRA with the weapon issued by COUNTY and carried pursuant to COUNTY policy.  ZALEC'S conduct was thus committed within the course and scope of his employment.  Pursuant to California Gov.t Code §815.2 and 820.4, COUNTY is vicariously liable for ZALEC'S conduct and the harm caused thereby.

21.  ZALEC'S unjustified shooting and subsequent misrepresentations deprived Plaintiff of his right to be secure in his person against unreasonable search and seizure as guaranteed Plaintiff under the Fourth Amendment of

the United States Constitution and applied to state actors by the Fourteenth Amendment. The unreasonable use of force by ZALEC and subsequent misrepresentations deprived Plaintiff of his right to be secure in his person against unreasonable search and seizure as guaranteed Plaintiff under the Fourth Amendment of the United States Constitution and applied to state actors by the Fourteenth Amendment.

22. As a direct and proximate result, Plaintiff suffered extreme pain and suffering, including permanent nerve damage to his right arm causing disability and loss of earning capacity. As a result of his excessive and unreasonable use of force, ZALEC is liable for Plaintiff's injuries.

23. Following ZALEC'S shooting of VIEIRA, ZALEC was celebrated by COUNTY employee co-workers with high-5 gestures and solicitations from COUNTY employee co-workers to arrange for ZALEC to shoot their girlfriends' ex-boyfriends. The conduct of ZALEC was wilful, wanton, malicious, oppressive, done with reckless disregard for the rights and safety of Plaintiff and with the apparent approval of COUNTY'S supervising employees, and therefore warrants the imposition of punitive and exemplary damages against ZALEC and COUNTY.

## SECOND CLAIM FOR RELIEF

**Negligence/Negligence Per Se - California State Law Claim**

**(Violation of Penal Code §245(a)(2) -Assault with a Firearm;**

**Vehicle Code §23103-Reckless Driving)**

(Against ZALEC and COUNTY)

24. Plaintiff refers to and incorporates by reference each and every allegation set forth in paragraphs 1 through 23 of the preceding General Allegations as if fully set forth herein.

25. The conduct of ZALEC, as alleged herein, including but not limited to ZALEC'S striking Plaintiff with his truck, ramming Plaintiff's vehicle, and shooting Plaintiff from inside a closed vehicle without identifying himself as a police officer and without making any effort to de-escalate the situation, constitutes negligence *per se* in that:

   a. Vehicle code §23103 prohibits reckless driving.

   b. Penal code §245(a)(2) prohibits Assault with a Firearm.

   c. Defendant ZALEC owed Plaintiff a duty to conduct himself in a reasonably safe manner and not to increase the risk of harm to plaintiff by driving recklessly or firing a gun at plaintiff from inside a closed vehicle.

   d. Defendant ZALEC violated said statutes and breached said duties by driving recklessly so as to strike Plaintiff with his vehicle, and by shooting Plaintiff from inside a closed vehicle.

   e. Said violations and breaches were a substantial factor in bringing about harm to Plaintiff.

26. Said conduct was the proximate cause of Plaintiff's personal and property damages and injuries as set forth herein.

27. As ZALEC'S conduct was under color of authority, as set forth herein, COUNTY is vicariously liable for the harm and damages caused thereby.

### THIRD CLAIM FOR RELIEF

### Civil Battery - California State Law Claim

(Against ZALEC and COUNTY)

28. Plaintiff refers to and incorporates by reference each and every allegation set forth in paragraphs 1 through 27 of the preceding General Allegations as if fully set forth herein.

29. The conduct of ZALEC, as alleged herein, including but not limited to ZALEC'S striking Plaintiff with his truck and shooting Plaintiff from inside a closed vehicle without identifying himself as a police officer and without making any effort to de-escalate the situation, constitutes harmful, offensive, and un-consented touching and is therefore a civil battery.

30. Said conduct was the proximate cause of Plaintiff's damages and injuries as set forth herein.

31. As ZALEC'S conduct was under color of authority, as set forth herein, COUNTY is vicariously liable for the harm and damages caused thereby.

### FOURTH CLAIM FOR RELIEF

### Government Liability for Unconstitutional Custom or Policy

### MONNELL CLAIM

### (42 USC 1983)

(Against COUNTY and Does 1 through 12)

32. Plaintiff refers to and incorporates by reference each and every

allegation set forth in paragraphs 1 through 31 of the preceding General Allegations as if fully set forth herein.

33. For some time prior to September 12, 2017 (and continuing to the present day) COUNTY and Does 1 through 12, deprived Plaintiff of the rights and liberties secured to him by the Fourth and Fourteenth Amendments to the Untied States Constitution, in that said defendants and their supervising and managerial employees, agents, and representatives, acting with gross negligence and with reckless and deliberate indifference to the rights and liberties of the public in general, and of the Plaintiff, and of persons in his class, situation, and comparable position in particular, knowingly maintained, enforced and applied an official recognized custom, policy, and practice of:

(a) Employing and retaining as armed sheriff's deputies, including ZALEC who Does 1 through 12 knew or should have known had dangerous propensities for abusing his authority, mistreating citizens by failing to follow written COUNTY sheriff's department policies, including use of excessive force;

(b) of inadequately supervising, training, controlling, assigning, and disciplining COUNTY sheriff's deputies, and other personnel, including Defendant JOSEPH Zalec, who Defendant COUNTY knew or in the exercise of reasonable care should have known had the aforementioned propensities and character traits,

including the propensity for violence and the use of excessive force;

(c) by maintaining grossly inadequate procedures for reporting, supervising, investigating, reviewing, disciplining and controlling the intentional misconduct by Defendant JOSEPH ZALEC, who is a COUNTY Sheriff's deputy;

(d) by failing to discipline COUNTY sheriff's deputies' conduct, including but not limited to, use of excessive and deadly force;

(e) by ratifying the intentional misconduct of Defendants JOSEPH ZALEC, who is a COUNTY sheriff's deputy;

(f) by having and maintaining an unconstitutional policy, custom, and practice of using excessive force, including deadly force, which also is demonstrated by inadequate training regarding these subjects. The policies, customs, and practices of DOES 1-12, were done with a deliberate indifference to individuals' safety and rights; and

(g) By failing to properly investigate claims of unlawful excessive force by COUNTY sheriff's deputies.

34. By reason of the aforementioned policies and practices of Defendants DOES 1-12, PLAINTIFF was severely injured and subjected to pain and suffering, permanent nerve damage, disability, and loss of earning capacity.

35. Defendants DOES 3-10, together with various other officials, whether named or unnamed, had either actual or constructive knowledge of the deficient policies, practices and customs alleged in the paragraphs above. Despite having knowledge as stated above, these defendants condoned, tolerated and through actions and inactions thereby ratified such policies. Said defendants also acted with deliberate indifference to the foreseeable effects and consequences of these policies with respect to the constitutional right of PLAINTIFF and other individuals similarly situated.

36. By perpetrating sanctioning, tolerating and ratifying the outrageous conduct and other wrongful acts, Defendants DOES 1-12, acted with an intentional, reckless, and callous disregard for the life of PLAINTIFF and his constitutional rights.  Defendants DOES 1-12, each of their actions were willful, wanton, oppressive, malicious, fraudulent, and extremely offensive and unconscionable to any person of normal sensibilities.

37. Furthermore, the policies, practices, and customs implemented and maintained and still tolerated by Defendants DOES 1-12, were affirmatively linked to and were a significantly influential force behind the injuries of PLAINTIFF.

38. By reason of the aforementioned acts and omissions of Defendants, DOES 1-12, PLAINTIFF was caused to incur legal and medical expenses, and loss of earnings.

39. Accordingly, Defendants COUNTY and DOES 1-12, each are liable to PLAINTIFF for compensatory damages under 42 U.S.C. §1983.

# FIFTH CLAIM FOR RELIEF

## Unreasonable Search and Seizure and Due Process

## (42 USC 1983)

(Against CITY and Does 13 through 22)

40. Plaintiff refers to and incorporates by reference each and every allegation set forth in paragraphs 1 through 39 of the preceding General Allegations as if fully set forth herein.

41. Defendant CITY'S unjustified steering of the investigation away from ZALEC and onto Plaintiff, and CITY'S failure to obtain and preserve other evidence deprived Plaintiff of his right to due process under the Fifth Amendment of the United States Constitution and applied to state actors by the Fourteenth Amendment.

42. The unreasonable failure to obtain and preserve evidence deprived Plaintiff of his right to be secure in his person against unreasonable search and seizure as guaranteed Plaintiff under the Fourth and Fifth Amendment of the United States Constitution and applied to state actors by the Fourteenth Amendment.

43. As a direct and proximate result, Plaintiff was forced to plead no contest to criminal charges that he otherwise would not have pled to, causing loss of liberty, attorneys fees, and loss of earning capacity.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff request entry of judgment in his favor and against Defendants ZALEC, COUNTY, CITY and Does 1-30, inclusive, as follows:

A. For general damages in the amount to be proven at trial;

B. For special damages according to proof; including medical expenses and loss of earnings;

C. For punitive damages against the individual defendants in an amount to be proven at trial;

D. For interest;

E. For reasonable costs of this suit and attorneys' fees; and

F. For such further other relief as the Court may deem just, proper, and appropriate.

Date: December 31, 2018

*Hoyt E. Hart II*

Hoyt E. Hart II
Attorney for Plaintiff