UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NICHOLAS K. VIEIRA,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>COUNTY OF SACRAMENTO, et al.,<br><br>　　　　　Defendants. | Case No. 18-cv-05431-VC<br><br>**ORDER GRANTING COUNTY OF SACRAMENTO'S MOTION TO DISMISS**<br><br>Re: Dkt. No. 31 |

　　　　1. The County of Sacramento's Motion to Dismiss is granted. Mr. Vieira fails to state a 42 U.S.C. § 1983 municipal liability claim against the County. He alleges only the facts arising from his one incident with Officer Zalec and these alone do not plausibly support a claim that the County had an unconstitutional custom or practice that was "so persistent and widespread as to practically have the force of law." *Connick v. Thompson*, 563 U.S. 51, 61 (2011). Mr. Vieira's allegations that Officer Zalec was celebrated by his fellow sheriff's deputies after the fact also fails to plausibly support a claim that the County ratified the unconstitutional conduct. The First Amended Complaint does not allege that any policymakers participated in the celebration of Officer Zalec, let alone approved of his conduct and the basis for it. *See Trevino v. Gates*, 99 F.3d 911, 920 (9th Cir. 1996). These claims are dismissed with leave to amend.

　　　　2. Mr. Vieira's battery and negligence claims arising from Officer Zalec's tortious use of his truck are barred by the California Tort Claims Act. These truck-based state tort claims were not fairly reflected in Mr. Vieira's notice of claim. *See* Dkt. No. 39-1.[1] The notice of claim

---

[1] The Court deems the County Notice of Claim incorporated by reference in the Complaint. *See* First Amended Complaint, ¶ 11, Dkt. No. 29. The Court accepts Mr. Vieira's attachment of the

speaks only of Officer Zalec's shooting – it says nothing about his tortious use of the truck against Mr. Vieira's person or vehicle. *Cf. Stockett v. Ass'n of Cal. Water Agencies Joint Powers Insurance Authority*, 34 Cal. 4th 441, 447 (2004) ("[T]he facts underlying each cause of action in the complaint must have been fairly reflected in a timely claim."). Therefore, these truck-based tort claims against the County are dismissed without leave to amend. The six-month statutory period to file an adequate notice of claim has run and therefore amendment would be futile. *See* Cal. Gov. Code § 911.2(a).

    3. Any amendments made pursuant to this order must be made within 21 days.

**IT IS SO ORDERED.**

Dated: February 27, 2019

                                            VINCE CHHABRIA
                                            United States District Judge

---

exhibit to his Opposition and the County's reference to it as mutual concession by the parties to its incorporation in the Complaint.