Hoyt E. Hart II, SBN 125088
**ATTORNEY AT LAW**
PO Box 675670
Rancho Santa Fe, CA 92067
Tel.   (858) 756-1636
Fax   (858) 756-1407

Attorney for Plaintiff

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

NICHOLAS K. VIEIRA,

               Plaintiff,

    v.

JOSEPH ZALEC; CITY OF ANTIOCH; COUNTY OF SACRAMENTO; and DOES 1 through 30, Inclusive;

               Defendants.

Case No. 3:18-cv-05431-VC

**SECOND AMENDED COMPLAINT FOR DAMAGES**

**DEMAND FOR JURY TRIAL**

## SECOND AMENDED COMPLAINT FOR DAMAGES

Plaintiff NICHOLAS K. VIEIRA, for his Second Amended Complaint against Defendants JOSEPH ZALEC, COUNTY OF SACRAMENTO, CITY OF ANTIOCH, and Does 1-30, inclusive, alleges as follows:

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## JURISDICTION

1.   This civil rights action seeks compensatory damages, punitive damages, and attorneys fees from Defendants pursuant to Title 42 USC sections 1983 and 1988 for violation of Plaintiff's civil rights.   Jurisdiction is founded upon Title 28 USC sections 1331 and 1343.   This court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 USC section 1367.

## VENUE

2.  Plaintiff's claims alleged herein arose in the City of Antioch, a city in Contra Costa County, within the venue of the Northern District of California pursuant to 28 USC section 1391 (b)(2).

## INTRODUCTION

3.  This is a civil rights action with supplemental state law claims arising from Defendant ZALEC's negligence, civil battery, and use of excessive deadly force upon Plaintiff VIEIRA on the evening of September 12, 2017. Specifically, Defendant ZALEC struck VIEIRA with his truck while VIEIRA was a pedestrian in the roadway, then fled the scene, minutes later Defendant ZALEC rammed VIEIRA's truck in the right rear quarter-panel, then shot the unarmed Plaintiff VIEIRA from inside his larger closed pickup truck as VIEIRA stood still at the back of his truck, ten (10) or more feet away with a stick (tire buddy) for self defense down at his side and making no threats.  ZALEC's shooting was ratified by Defendants County of Sacramento and City of Antioch which Defendants thereafter engaged in a biased investigation based on ZALEC'S false statements to obfuscate this unjustified shooting.  Plaintiff further alleges that the improper use of force and biased investigation in this case was the result of policies, practices, and customs of the County of Sacramento and City of Antioch.

## PARTIES

4.   At all times mentioned herein, Plaintiff NICHOLAS K. VIEIRA (hereinafter "VIEIRA"), was and is a resident of the county of Contra Costa, California.

5.   At all relevant times, City of Antioch (hereinafter CITY) and County of Sacramento (hereinafter COUNTY) were and are duly organized public entities, form unknown, existing under the laws of the State of California.  At all times mentioned, COUNTY was the employer of JOSEPH ZALEC, who was a COUNTY sheriff's deputy, Does 1 through 5 who were COUNTY sheriff's deputies, Does 6 through 8 who were COUNTY supervisor level sheriff's deputies, and Does 9 through 12 who were managerial, supervisors, and policymaking employees of the COUNTY sheriff's department.   On information and belief, JOSEPH ZALEC (hereinafter ZALEC) was and is an employee of COUNTY and a resident of the County of Contra Costa, California.   JOSEPH ZALEC is sued in his individual capacity, and as an employee of COUNTY.

6.   At all times mentioned, CITY was the employer of Does 13 through 15 who were CITY police officers, Does 16 through 18 who were CITY supervisor level police officers, and Does 19 through 22 who were managers, supervisors, and policymaking employees of the CITY police department.  On information and belief, Does 13 through 22 were residents of the County of Contra Costa, California.  Does 13 through 22 are sued in their individual capacity.

7.   At all relevant times, Defendants ZALEC, and Does 1 through 22, were duly authorized employees of COUNTY and CITY, who were acting under color of law, within the course and scope of their respective duties as sheriff's deputies and police officers and with the complete authority and

ratification of their principal, Defendants COUNTY and CITY.  At all relevant times, Does 1 through 22 were duly appointed deputies and/or employees or agents of COUNTY and/or CITY, subject to oversight and supervision by said defendants' elected and non-elected officials.

8.  In doing the acts, and failing and omitting to act, as hereinafter described, Defendants Does 1 through 22 were acting on the implied and actual permission and consent of COUNTY and/or CITY.

9.  At all times mentioned herein, each and every COUNTY and/or CITY defendant was the agent of each and every other COUNTY and/or CITY defendant and had the legal duty to oversee and supervise the hiring, conduct, and employment of each and every other COUNTY and/or CITY defendant.

10.  Plaintiff does not know the true names and/or capacities of fictitious DOES sued herein as DOES 1 through 30, and each of them; plaintiff has information and belief and thereupon alleges, each of said defendants had legal duties to plaintiffs and breached those duties thereby directly and proximately causing the injuries and damages alleged herein, and were in some negligently and carelessly responsible for the injuries and damages hereinafter alleged; plaintiffs pray leave when said amounts are ascertained, they may be permitted to amend and insert the same herein with appropriate allegations.

## EXHAUSTION OF GOVERNMENT TORT CLAIMS PROCEDURES

11.  The incident which is the subject of this action occurred on September 12, 2017. On or about March 16, 2018, COUNTY rejected Plaintiff's timely noticed tort claim.  On or about April 27, 2018, CITY rejected Plaintiff's timely noticed tort claim.   This action was filed within six (6) months of said claim rejection, as required by law.

## FACTS COMMON TO ALL CLAIMS FOR RELIEF

12.   On September 12, 2017, Defendant ZALEC 1.) struck Plaintiff VIEIRA'S person with his truck while VIEIRA was a pedestrian in the roadway, then fled the scene; 2.) rammed Plaintiff VIEIRA'S vehicle with his truck; and 3.) shot Plaintiff VIEIRA from inside the cab of ZALEC'S closed pickup truck; all without advising Plaintiff of his status as a sheriff's deputy, or that he was armed, and with no warning at all.  Thereafter, ZALEC misrepresented key facts of the incident to investigators, and Defendant CITY skewed its investigation to protect ZALEC and implicate Plaintiff VIEIRA, leading to VIEIRA being arrested and charged with *assault with a deadly weapon (truck)*, while ZALEC was not charged with any crime.  On September 13, 2017, VIEIRA posted bail and was released.

13.  On September 18, 2017, CITY re-arrested VIEIRA at his home, and charged him with the additional crimes of *brandishing* and *stalking*.  On information and belief, CITY then arranged for higher bail which VIEIRA could not post.  VIEIRA thereafter remained in custody for thirty (30) days, until on October 18, 2017, VIEIRA was induced by CITY's false police report to plead "no contest" to *brandishing* and *stalking*.  VIEIRA served four (4) months in jail and remains on probation.

14.  At the time of the shooting, VIEIRA was a twenty-nine (29) year old employee of Strategic Threat Management, a licensed security company, and was himself licensed by the state of California to carry a loaded firearm while on duty.  VIEIRA was not on duty and was thus not armed.  He is the father of then three (3) year old Ann Marie Azevedo Vieira, with her mother Alicia Azevedo (hereinafter ALICIA).  VIEIRA paid child support to ALICIA and was a regular fixture in his daughter's life.

15.  The relationship of ALICIA and VIEIRA is one of smooth periods of family interaction, periodically interrupted by argument, breakup, and reconciliation.  On or about September 12, 2017, Plaintiff noticed ALICIA being picked up at school late at night by a man he did not know.  Thereafter, VIEIRA intended to drive to ALICIA's house to find out who the man was.

16.  At the left turn stoplight, at the intersection of Delta Fair Blvd. and Somersville Road, in the city of Antioch, VIEIRA approached Defendant ZALEC'S pickup truck, on the passenger side, to ask ALICIA who the man was. ALICIA rolled down the window and spoke to VIEIRA.  When the light turned green, ZALEC drove away with AKICIA.  VIEIRA continued toward ALICIA's house.

17.  Later, at the intersection of Hillcrest Ave. and Lone Tree Way, also in Antioch, ZALEC pulled up to the stoplight behind VIEIRA.  VIEIRA again went to the passenger side window and said to ALICIA that he was not mad and asked her to let him take her home and talk.  ALICIA did not respond to VIEIRA.  VIEIRA then decided to drop any further attempt to speak with ALICIA and just go home.  As VIEIRA was walking back to his truck, near the right rear quarter-panel, ZALEC, who had been smirking through his window, quickly accelerated his truck and deliberately struck Plaintiff in the arm and shoulder with his truck's driver's side mirror, and drove away.

18.  Now fearing for his and ALICIA'S safety, Plaintiff followed the truck and when it had come to the stoplight at the intersection of Country Hills Drive and Lone Tree Way, VIEIRA pulled in front of ZALEC.  As VIEIRA THEN turned the corner from Lone Tree Way onto Country Hills Drive, ZALEC jumped the curb, accelerated hard and rammed VIEIRA's truck at the right rear quarter-panel, pushing VIEIRA's truck sideways.

19.  Having already been personally struck by ZALEC's truck and then having had his truck violently rammed by ZALEC, Plaintiff took a wooden stick (Tire Buddy) from his truck for self defense and stood still at the rear of his truck, with the stick at his side.  VIEIRA asked ZALEC why he had rammed his truck.  Without advising Plaintiff of his status as a sheriff's deputy, or that he was armed, and with no warning at all that Plaintiff could hear, ZALEC fired his service weapon through his closed window, striking Plaintiff in the arm. As he ran away from the scene, Plaintiff heard ZALEC yelling to stop, that he was a police officer.

20.  At the time of the shooting, Plaintiff was unarmed and posed no imminent threat of death or injury to ZALEC or any other person.  Thereafter, CITY and Does 13 through 22, investigated the shooting in a manner intended to implicate VIEIRA and protect ZALEC by attributing ZALEC's aggressive conduct to VIEIRA and by failing to report evidence exculpatory to VIEIRA and damning to ZALEC.   Defendant ZALEC knowingly made several misrepresentations to CITY investigators, including but not limited to a.) that *Plaintiff* had physically hit the mirror of ZALEC'S truck; b.) that *Plaintiff* had collided with *ZALEC'S* truck; and c.) that Plaintiff had raised the 'tire buddy' in a threatening manner, all for the purpose of misconstruing Plaintiff as the sole aggressor and ZALEC as the sole victim.

21.  As a direct and proximate result of said conduct, even though ZALEC *struck* VIEIRA's person with his truck, and later *rammed* VIEIRA'S vehicle and *shot* him, *VIEIRA* was charged with assault with a deadly weapon (truck).  But for the misconduct of ZALEC and CITY, VIEIRA would not have been arrested, would not have pled 'no contest' to stalking and brandishing.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## FIRST CLAIM FOR RELIEF

**Unreasonable Search and Seizure and Due Process-Excessive Force**

**(42 USC § 1983)**

(VIEIRA Against ZALEC and COUNTY)

22.   Plaintiff refers to and incorporates by reference each and every allegation set forth in paragraphs 1 through 21 of the preceding General Allegations as if fully set forth herein.

23.   At the first interaction with VIEIRA, Defendant ZALEC claims he identified himself as an off duty sheriff's deputy employed by COUNTY.  After shooting VIEIRA, ZALEC actually identified himself as law enforcement and attempted to arrest VIEIRA.  ZALEC shot VIEIRA with the weapon issued by COUNTY and carried pursuant to COUNTY policy.  ZALEC'S conduct was thus committed within the course and scope of his employment.  Pursuant to California Gov.t Code §815.2 and 820.4, COUNTY is vicariously liable for ZALEC'S conduct and the harm caused thereby.

24.  ZALEC'S unjustified shooting and subsequent misrepresentations deprived Plaintiff of his right to be secure in his person against unreasonable search and seizure as guaranteed Plaintiff under the Fourth Amendment of the United States Constitution and applied to state actors by the Fourteenth Amendment.   The unreasonable use of force by ZALEC and subsequent misrepresentations deprived Plaintiff of his right to be secure in his person against unreasonable search and seizure as guaranteed Plaintiff under the Fourth Amendment of the United States Constitution and applied to state actors by the Fourteenth Amendment.

25.  As a direct and proximate result, Plaintiff suffered extreme pain and suffering, including permanent nerve damage to his right arm causing disability and loss of earning capacity.  As a result of his excessive and unreasonable use of force, ZALEC is liable for Plaintiff's injuries.

26.  Following ZALEC'S shooting of VIEIRA, ZALEC was celebrated by COUNTY employee co-workers with high-5 gestures and solicitations from COUNTY employee co-workers to arrange for ZALEC to shoot their girlfriends' ex-boyfriends.   The conduct of ZALEC was wilful, wanton, malicious, oppressive, done with reckless disregard for the rights and safety of Plaintiff and with the apparent approval of COUNTY'S supervising employees, and therefore warrants the imposition of punitive and exemplary damages against ZALEC and COUNTY.

## SECOND CLAIM FOR RELIEF

**Negligence/Negligence Per Se - California State Law Claim**

**(Violation of Penal Code §245(a)(2) -Assault with a Firearm)**

(VIEIRA  Against ZALEC and COUNTY)

27.  Plaintiff refers to and incorporates by reference each and every allegation set forth in paragraphs 1 through 26 of the preceding General Allegations as if fully set forth herein.

28.  The conduct of ZALEC, as alleged herein, including but not limited to ZALEC'S shooting Plaintiff from inside a closed vehicle without identifying himself as a police officer and without making any effort to de-escalate the situation, constitutes negligence *per se* in that:

a.  Penal code §245(a)(2) prohibits Assault with a Firearm.

b.  Defendant ZALEC owed Plaintiff a duty to conduct himself in a reasonably safe manner and not to increase the risk of harm to plaintiff by firing a gun at plaintiff from inside a closed vehicle.

c. Defendant ZALEC violated said statute and breached said duties by shooting Plaintiff from inside a closed vehicle.

d. Said violations and breaches were a substantial factor in bringing about harm to Plaintiff.

29.  Said conduct was the proximate cause of Plaintiff's personal and property damages and injuries as set forth herein.

30.  As ZALEC'S conduct was under color of authority, as set forth herein, COUNTY is vicariously liable for the harm and damages caused thereby.

### THIRD CLAIM FOR RELIEF

**Negligence/Negligence Per Se - California State Law Claim**
**(Vehicle Code §23103-Reckless Driving)**

(VIEIRA  Against ZALEC)

31.  Plaintiff refers to and incorporates by reference each and every allegation set forth in paragraphs 1 through 30 of the preceding General Allegations as if fully set forth herein.

32.  The conduct of ZALEC, as alleged herein, including but not limited to ZALEC'S striking Plaintiff with his truck and ramming Plaintiff's vehicle without making any effort to de-escalate the situation, constitutes negligence *per se* in that:

a.  Vehicle code §23103 prohibits reckless driving.

b.  Defendant ZALEC owed Plaintiff a duty to conduct himself in a reasonably safe manner and not to increase the risk of harm to plaintiff by driving recklessly.

c. Defendant ZALEC violated said statutes and breached said duties by driving recklessly so as to strike Plaintiff with his vehicle, and by purposely ramming Plaintiff's vehicle.

d. Said violations and breaches were a substantial factor in bringing about harm to Plaintiff.

33.  Said conduct was the proximate cause of Plaintiff's personal and property damages and injuries as set forth herein.

1

2

3

**FOURTH CLAIM FOR RELIEF**

**Civil Battery - California State Law Claim**

(VIEIRA Against ZALEC and COUNTY)

4

5

6

34.  Plaintiff refers to and incorporates by reference each and every allegation set forth in paragraphs 1 through 33 of the preceding General Allegations as if fully set forth herein.

7

8

9

10

11

35.  The conduct of ZALEC, as alleged herein, including but not limited to shooting Plaintiff from inside a closed vehicle without identifying himself as a police officer and without making any effort to de-escalate the situation, constitutes harmful, offensive, and un-consented touching and is therefore a civil battery.

12

13

36.  Said conduct was the proximate cause of Plaintiff's damages and injuries as set forth herein.

14

15

16

37.  As ZALEC'S conduct was under color of authority, as set forth herein, COUNTY is vicariously liable for the harm and damages caused thereby.

17

**FIFTH CLAIM FOR RELIEF**

18

**Civil Battery - California State Law Claim**

19

(Against ZALEC)

20

21

22

38.  Plaintiff refers to and incorporates by reference each and every allegation set forth in paragraphs 1 through 37 of the preceding General Allegations as if fully set forth herein.

23

24

25

26

27

39.  The conduct of ZALEC, as alleged herein, including but not limited to ZALEC'S striking Plaintiff with his truck and ramming Plaintiff's truck without identifying himself as a police officer and without making any effort to de-escalate the situation, constitutes harmful, offensive, and un-consented touching and is therefore a civil battery.

28

40.  Said conduct was the proximate cause of Plaintiff's damages and injuries as set forth herein.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## SIXTH CLAIM FOR RELIEF

### Unreasonable Search and Seizure and Due Process

### (42 USC 1983)

(VIEIRA Against CITY and Does 13 through 22)

41.   Plaintiff refers to and incorporates by reference each and every allegation set forth in paragraphs 1 through 40 of the preceding General Allegations as if fully set forth herein.

42.   Defendant CITY'S unjustified steering of the investigation away from ZALEC and onto Plaintiff, and CITY'S failure to obtain and preserve other evidence deprived Plaintiff of his right to due process under the Fifth Amendment of the United States Constitution and applied to state actors by the Fourteenth Amendment.

43.  The unreasonable failure to obtain and preserve evidence deprived Plaintiff of his right to be secure in his person against unreasonable search and seizure as guaranteed Plaintiff under the Fourth and Fifth Amendment of the United States Constitution and applied to state actors by the Fourteenth Amendment.

44.  As a direct and proximate result, Plaintiff was forced to plead no contest to criminal charges that he otherwise would not have pled to, causing loss of liberty, attorneys fees, and loss of earning capacity.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff request entry of judgment in his favor and against Defendants ZALEC, COUNTY, CITY and Does 1-30, inclusive, as follows:

A.     For general damages in the amount to be proven at trial;

B.     For special damages according to proof; including medical expenses and loss of earnings;

C.    For punitive damages against the individual defendants in an amount to be proven at trial;

D.    For interest;

E.    For reasonable costs of this suit and attorneys' fees; and

F.    For such further other relief as the Court may deem just, proper, and appropriate.

Date:_____March 17, 2019_____          *Hoyt E. Hart II*_____

Hoyt E. Hart II
Attorney for Plaintiff