**RIVERA & ASSOCIATES**

1425 River Park Drive, Suite 250
Sacramento, California 95815

Tel: 916-922-1200 Fax: 916 922-1303

Jesse M. Rivera, SBN 84259
Jonathan B. Paul, SBN 215884
Shanan L. Hewitt, SBN 200168
Jill B. Nathan, SBN 186136
Glen A. Williams, SBN 257665
Wendy Motooka, SBN 233589

Attorneys for Defendant,
JOSEPH ZALEC

# IN THE UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NICHOLAS K. VIEIRA, | CASE NO. 3:18-cv-05431 VC |
| Plaintiff, | **DEFENDANT JOSEPH ZALEC's ANSWER TO THE SECOND AMENDED COMPLAINT (Doc. 29) and DEMAND FOR JURY TRIAL** |
| vs. | |
| JOSEPH ZALEC; CITY OF ANTIOCH; COUNTY OF SACRAMENTO; and DOES 1 through 30, inclusive, | Action Filed:<br>Trial Date: 2/24/2020<br>Judge: Hon. Vince Chhabria |
| Defendants. | |

Defendant JOSEPH ZALEC ("Defendant") hereby responds to Plaintiff NICHOLAS K. VIEIRA's Second Amended Complaint (Doc 29). Unless stated otherwise, all allegations are denied.

## **JURISDICTION**

1. Defendant JOSEPH ZALEC submits that this contains an averment of law to which a response is not deemed required. To the extent a response is deemed required, Defendant denies violating any State or Federal laws with regards to their obligations to Plaintiff. Defendant admits this court has jurisdiction over this matter.

## **VENUE**

2. Defendant ZALEC admits that venue is proper.

///

## INTRODUCTION

3. Defendant ZALEC denies that this is a properly plead civil rights action, or that excessive use of force was used upon VIEIRA. Defendant ZALEC specifically denies any and all remaining allegations within said paragraph.

## PARTIES

4. Defendant ZALEC submits that this contains an averment of law to which a response is not deemed required. Moreover, Defendant ZALEC has insufficient information and belief in which to issue a response. On that basis, denies.

5. Defendant ZALEC admits that he is an employee with the County of Sacramento and a resident of the County of Contra Costa. ZALEC denies being in the course and scope of his employment at the time of the events in question. As to the balance of said paragraph, Defendant lacks sufficient knowledge or information in which to form a belief as to the truth of the remaining allegations within this paragraph, and on that basis denies said allegations.

6. Defendant ZALEC lacks sufficient knowledge or information in which to form a belief as to the truth of the remaining allegations within this paragraph, and on that basis denies said allegations.

7. Defendant ZALEC admits that he is an employee of the County of Sacramento. Denies as to the balance of said allegations, including that any actions occurred under the color of law, or was in the course and scope of his respective duties as a Sheriff's Deputy.

8. Defendant ZALEC denies said allegations.

9. Defendant ZALEC submits that this contains an averment of law to which a response is not deemed required. Moreover, Defendant ZALEC has insufficient information and belief in which to issue a response. On that basis, denies.

10. Defendant ZALEC submits that this contains an averment of law to which a response is not deemed required, on that basis, deny.

## EXHAUSTION OF GOVERNMENT TORT CLAIMS PROCEDURES

11. Defendant ZALEC has insufficient information and belief in which to issue a response. On that basis, denies said allegations.

**FACTS COMMON TO ALL CLAIMS OF RELIEF**

12. Defendant ZALEC denies any and all allegations attributed to him in said paragraph. Zalec is aware Vieira was arrested but the exact charges are unknown to him. It is unknown if Vieira posted bail and when.

13. Defendant ZALEC has insufficient information in which to admit or deny said allegations. On that basis, denies all of said allegations..

14. Defendant ZALEC has insufficient information in which to admit or deny said allegations. On that basis, denies said allegations.

15. Defendant ZALEC has insufficient information in which to admit or deny said allegations. On that basis, denies said allegations.

16. Defendant ZALEC admits that VIEIRA approached defendant ZALEC's pick-up truck and threatened him. Admits that Alicia spoke to Vieira. Defendant ZALEC denies balance of said allegations.

17. Defendant ZALEC denies said allegations.

18. Defendant ZALEC denies said allegations.

19. Defendant ZALEC admits that plaintiff grabbed a tire buddy and threatened him with said weapon. Defendant ZALEC admits that he fired his personal weapon through a closed window in fear for his safety, and the safety of others striking plaintiff in the arm. As to the balance of said allegations, Defendant denies.

20. Defendant ZALEC denies that plaintiff was unarmed, and denies that plaintiff did not pose an immediate threat of death or injury to ZALEC or any other person. ZALEC denies making any misrepresentation to any city investigators. Defendant ZALEC denies the balance of said allegations, including depriving plaintiff of any of his due process rights.

21. Defendant ZALEC denies said allegations.

**FIRST CLAIM FOR RELIEF**
**Unreasonable Search and Seizure and Due Process-Excessive Force**
**(42 USC § 1983)**
(Against ZALEC and COUNTY)

22. Defendant ZALEC incorporates by reference paragraphs 1 through 21 as though fully set forth herein.

1. 23. Defendant ZALEC has insufficient information in which to admit or deny said allegations as they are written as they are vague and ambiguous. On that basis, Defendant denies.

24. Defendant ZALEC denies said allegations.

25. Defendant ZALEC denies said allegations.

26. Defendant ZALEC denies said allegations.

## SECOND CLAIM FOR RELIEF
**Negligence/Negligence Per Se - California State Law Claim**
**(Violation of Penal Code § 245(a)(2) - Assault with Firearm)**
(VIEIRA Against ZALEC and COUNTY)

27. Defendant ZALEC incorporates by reference paragraphs 1 through 26 as though fully set forth herein.

28. Defendant ZALEC denies allegations as listed under 28

    a. This contains an averment of law to which a response is not deemed required on that basis Defendant ZALEC denies said allegations.

    b. Deny

    c. Deny

    d. Deny

29. Defendant ZALEC denies said allegations.

30. Defendant ZALEC denies said allegations.

## THIRD CLAIM FOR RELIEF
**Negligence/Negligence Per Se-California State Law Claim**
**Vehicle Code 23103-Reckless Driving**
(Against ZALEC )

31. Defendant ZALEC incorporates by reference paragraphs 1 through 30 as though fully set forth herein.

32. Defendant ZALEC denies said allegations.

    a. This contains an averment of law to which a response is not deemed required on that basis Defendant ZALEC denies said allegations.

    b. Defendant ZALEC denies said allegations.

    c. Defendant ZALEC denies said allegations.

    d. Defendant ZALEC denies said allegations.

33. Defendant ZALEC denies said allegations.

**FOURTH CLAIM FOR RELIEF**
**Civil Battery- California State Law Claim**
**(Against Zalec and County)**

34. Defendant ZALEC incorporates by reference paragraphs 1 through 33 as though fully set forth herein.

35. Defendant JOSEPH ZALEC denies said allegations.

36. Defendant JOSEPH ZALEC denies said allegations.

37. Defendant JOSEPH ZALEC denies said allegations.

**FIFTH CLAIM FOR RELIEF**

**Civil Battery- California State Law Claim**

**(Against Zalec)**

38. Defendant ZALEC incorporates by reference paragraphs 1 through 37 as though fully set forth herein.

39. Defendant ZALEC denies said allegations.

40. Defendant ZALEC denies said allegations.

**SIXTH CLAIM FOR RELIEF**
**Unreasonable Search and Seizure and Due Process**
**(42 U.S.C. 1983)**
(VIEIRA Against CITY and Does 13 though 22)

41. Defendant ZALEC incorporates by reference paragraphs 1 through 40 as though fully set forth herein.

42. Defendant ZALEC denies said allegations.

43. Defendant ZALEC denies said allegations.

44. Defendant ZALEC denies said allegations.

**PRAYER FOR RELIEF**

In response to Plaintiff's prayer for relief, responding Defendant denies that Plaintiff is entitled to any compensatory, special or punitive damages, attorney fees, costs of suit, or any other relief Plaintiff seeks whatsoever based upon the allegations against responding Defendant in the Second Amended Complaint.

**Defendant JOSEPH ZALEC hereby alleges the following separate and distinct affirmative defenses to Plaintiff's First Amended Complaint:**

### FIRST AFFIRMATIVE DEFENSE

Defendant alleges that Plaintiff was solely negligent in and about the matters alleged in said Complaint and that such negligence on the part of said Plaintiff was the sole proximate cause of said accident and the loss and damage complained of by Plaintiff, if any there were.

### SECOND AFFIRMATIVE DEFENSE

Defendant alleges that Plaintiff failed to mitigate the damages alleged in the Second Amended Complaint by, among other things, refusing medical treatment.

### THIRD AFFIRMATIVE DEFENSE

Defendant alleges that any injuries or damages alleged in this action were proximately caused or resulted from the negligence of third parties or entities heretofore named, exclusive of these responding Defendant.

### FOURTH AFFIRMATIVE DEFENSE

As a fourth affirmative defense, Defendant alleges immunity from liability because the officers' conduct did not violate clearly established federal law and/or a reasonable officer would not have known his conduct violated clearly established law.

### FIFTH AFFIRMATIVE DEFENSE

At all times mentioned in the Second Amended Complaint on file herein, and immediately prior thereto, responding Defendant acted in good faith and without malice, in accordance with all established state and federal laws.

### SIXTH AFFIRMATIVE DEFENSE

At all times mentioned in the Second Amended Complaint on file herein, and immediately prior thereto, Defendant, and each of them, were entitled to qualified and statutory immunity.

### SEVENTH AFFIRMATIVE DEFENSE

At all times mentioned in the Second Amended Complaint, Defendant did not act with any deliberate indifference to cause them to be liable pursuant to 42 U.S.C. § 1983. *Estelle v. Gamble*

1  429 U.S. 97 (1976).

## EIGHTH AFFIRMATIVE DEFENSE

Defendant alleges that Plaintiff's claim for punitive and/or exemplary damages is barred by the provisions of the Government Code § 818, et. seq. and under principles in *Newport vs. Fact Concerts, Inc.,* 453 U.S. 247 (1981).

## NINTH AFFIRMATIVE DEFENSE

Defendant alleges that all acts and omissions alleged in the Second Amended Complaint fall within the immunities and defenses described in §§ 800 through 995 of the California Government Code.

## TENTH AFFIRMATIVE DEFENSE

Defendant assert that they are not liable to Plaintiff for any injury or damages, if any there were, caused by the exercise of discretion.

## ELEVENTH AFFIRMATIVE DEFENSE

Defendant alleges that Plaintiff's claims are barred by the doctrine of unclean hands in that Plaintiff created or exacerbated the incidents about which he complains in the Second Amended Complaint.

## TWELVE AFFIRMATIVE DEFENSE

Defendant submits Plaintiffs claims are barred by the doctrine annunciated in *Heck v. Humphry, 512 U. S. 477 (1994)*

**WHEREFORE**, Defendant JOSEPH ZALEC prays that the Court provide the following relief: Dismissal of the Complaint; entry of judgment for Defendant; award of costs of suit and attorney's fees to Defendant; and such other relief as the Court deems proper.

Dated:   April 2, 2019                        Respectfully submitted,

                                              RIVERA & ASSOCIATES

                                              */s/* Jesse M. Rivera
                                              JESSE M. RIVERA
                                              Attorneys for Defendant
                                              JOSEPH ZALEC

## **DEMAND FOR JURY TRIAL**

Defendant JOSEPH ZALEC demands a jury trial as provided for in Rule 38, Federal Rules of Civil Procedure.

Dated:   April 2, 2019                         Respectfully submitted,

                                               RIVERA & ASSOCIATES

                                               */s/* Jesse M. Rivera
                                               JESSE M. RIVERA
                                               Attorneys for Defendant
                                               JOSEPH ZALEC