KEVIN P. ALLEN, State Bar No. 252290
kallen@aghwlaw.com
ALLEN, GLAESSNER, HAZELWOOD & WERTH, LLP
180 Montgomery Street, Suite 1200
San Francisco, CA  94104
Telephone:    (415) 697-2000
Facsimile:    (415) 813-2045

Attorneys for Defendant
CITY OF ANTIOCH

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| NICHOLAS K. VIEIRA,<br><br>　　　　　　Plaintiff,<br><br>　v.<br><br>JOSEPH ZALEC, CITY OF ANTIOCH, COUNTY OF SACRAMENTO; and DOES 1 through 30, Inclusive,<br><br>　　　　　　Defendants. | Case No. 3:18-cv-05431-VC<br><br>**REPLY IN SUPPORT OF CITY OF ANTIOCH'S RULE 12(B)(6) MOTION TO DISMISS**<br><br>Hon. Vince Chhabria<br><br>Date:　May 16, 2019<br>Time:　10:00 a.m.<br>Ctrm:　4, 17th Floor |

## I.　INTRODUCTION

Defendant CITY OF ANTIOCH's motion to dismiss should be granted because Plaintiff's lawsuit impermissibly re-litigates his incident-related criminal convictions.

## II.　LEGAL ARGUMENT

Plaintiff NICHOLAS K. VIEIRA ("Plaintiff") raises three arguments in opposition to Defendant's motion. For the reasons listed below, none are availing.

### A.　Support Necessary for *Heck* Argument

Plaintiff cites at least five cases for the proposition that lack of factual basis (surrounding a plea) prevents *Heck* applicability: *Sanford v. Motts*, 258 F. 3d 1117 (9th Cir. 2001); *Jarboe v. County of Orange*, 293 F. Appx. 520 (9th Cir. 2008); *Godoy v. Wadsworth*, No. CV 05-02913 NJV, 2009 WL 1458041 (N.D. Cal. May 21, 2009); *Johnson v. Cortes*, No. C 09-3946 SI PR,

2011 WL 445921 (N.D. Cal. Feb. 4, 2011); and *Benavides v. City of Arvin*, No. F CV 12-0405 LJO GSA, 2012 WL 1910259 (E.D. Cal. May 25, 2012). (Dkt. No. 48, 11:17-13:17). All are unavailing. They concerned Section 1983 claims for excessive force and the impact of Penal Code §§ 69 or 148(a)(1) pleas. These are a special breed under *Heck* law, crimes that require particular handling because of the very nature of resisting convictions. Since an officer's force can theoretically occur before, after, or during the conduct giving rise to the resisting convictions, courts need to know the exact basis for the conviction in order to decide *Heck*. As explained by *Hooper v. Cnty. of San Diego*, 629 F.3d 1127, 1132-33 (9th Cir. 2011): "conviction under California Penal Code § 148(a)(1) does not bar a § 1983 claim for excessive force under *Heck* when the conviction and the § 1983 claim are based on different actions during "one continuous transaction."" *Hooper*, *supra*, at 1134.

The excessive force cases are inapposite because the Second Amended Complaint ("SAC") does not allege excessive force by City of Antioch officers. Nor did Plaintiff plead to Penal Code §§ 69 or 148(a)(1).

On a macro level, Defendant agrees with the proposition that "if a criminal conviction arising out of the same facts stands and is fundamentally inconsistent with the unlawful behavior for which section 1983 damages are sought, the 1983 action must be dismissed." *Smith v. City of Hemet*, 394 F. 3d 689, 695 (2005). Such language was cited in its moving papers. (Dkt. No. 45, 7:3-7). For the reasons articulated in those papers and the reasons below, Plaintiff's convictions fit squarely within *Heck*.

### B. Attacking First Arrest Inconsistent with Convictions

Plaintiff contends success on his Fourth Amendment claim -- probable cause for arrest – cannot undermine his convictions for stalking and brandishing because his first arrest was for different crimes (i.e. assault with a deadly weapon and attempted assault with a deadly weapon). (Dkt. No. 48, 13:18-27). Plaintiff examines the issue too narrowly. The constitutional allegation is for unlawful arrest. His convictions demonstrate at least probable cause for stalking and brandishing (and therefore a *Heck* bar). Plaintiff cites no case authority for the proposition *Heck* can be avoided by ignoring those charges a party was convicted for; no authority that he can

artificially limit his unlawful arrest claim to select crimes. Plaintiff cannot avoid *Heck* on the basis he happened to be convicted of two incident-related crimes and not all four he was charged with. To do so would undermine the purpose of the rule.

Similarly, Plaintiff cannot avoid a *Heck* bar of his Fourteenth Amendment claim by only focusing on the first arrest. His allegations are that the City improperly carried-out the incident-related investigation, leading to a wrongful conviction. (Dkt. No. 43, ¶¶ 21, 44). There was only one investigation in this case. By calling it into question, by alleging it was riddled with corruption and misbehavior, Plaintiff is necessarily undermining his convictions. As above, Plaintiff cannot avoid *Heck* by ignoring the crimes for which he was convicted.

Consider the public policy implications of Plaintiff's proposal. Theoretically, every criminal defendant who was accused of two or more charges and took a plea that dismissed at least one of them, would have a *Heck*-proof allegation for unlawful arrest and/or due process on the dismissed crime(s).

### C.   Attacking Second Arrest Inconsistent with Convictions

Plaintiff second arrest was for assault with a deadly weapon ("ADW"), attempted ADW, and stalking.

If a jury agreed there was no probable cause for this arrest, such would necessarily invalidate the criminal proceedings. It would directly contradict the fact that Plaintiff committed stalking (evidenced by his conviction). See *Smithart v. Towery*, 79 F.3d 951, 952 (9th Cir. 1996) ("There is no question that *Heck* bars Smithart's claims that defendants lacked probable cause to arrest him and brought unfounded criminal charges against him."). Defendant cited *Smithart* in its moving papers; Plaintiff did not respond to or otherwise discuss it.

Similarly, if a jury found police falsified the investigation that led to this arrest – e.g. making-up an assault charge in order to get Plaintiff to plead – this too would invalidate the criminal proceedings. It would contradict that Plaintiff did indeed stalk (again, evidenced by his conviction). See *Guerrero v. Gates*, 442 F.3d 697 (9th Cir. 2006); *Strickland v. Los Angeles Sw. Police Dep't*, No. CV 10-2973-SJO-PLA, 2010 WL 3655674, at *5 (C.D. Cal. Sept. 7, 2010), report and recommendation adopted, No. CV 10-2973-SJO PLA, 2010 WL 3655671 (C.D. Cal.

Sept. 9, 2010). Both were cited in Defendant's moving papers; Plaintiff did not address them. If Plaintiff wishes to file a civil action asserting he was convicted on false pretense – whatever that falsity supposedly was – he must first set-aside his conviction. *Heck v. Humphrey*, 512 U.S. 477, 486–87, 114 S. Ct. 2364 (1994) ("must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983.") Because Plaintiff has not done so, the Fourteenth Amendment allegation is barred.

With respect to *Cabrera v. City of Huntington Park*, 159 F.3d 374, 380 (9th Cir. 1998), cited by Defendant and responded to Plaintiff, the latter does not dispute the principle enunciated in *Cabrera*: that prevailing on a false/false imprisonment claim necessarily requires a showing there was no probable cause for arrest. Plaintiff does focus on how *Cabrera* handled an excessive force and cover-up claim, but this focus is misplaced. There is no excessive force allegation here, nor after-the-fact cover-up. Plaintiff's allegations are limited to the investigation in the moment. He claims the investigation was flawed as it was being carried-out, flaws that led him to taking a plea. As noted above, Plaintiff cannot make such allegations without invalidating the convictions. He is attacking the very premise of his criminal outcome – whether or not he committed the acts. He proclaims innocence and says the plea only resulted from the false investigation. By doing so, he make the convictions inseparable from the investigation and necessarily invokes *Heck*.

### III. CONCLUSION

For these reasons, Defendant's motion to dismiss should be granted.

Dated:  April 22, 2019                              ALLEN, GLAESSNER,
                                                    HAZELWOOD & WERTH, LLP

                                                    By:  */s/ Kevin P. Allen*
                                                         KEVIN P. ALLEN
                                                         Attorneys for Defendant
                                                         CITY OF ANTIOCH

ALLEN, GLAESSNER, HAZELWOOD & WERTH, LLP
180 Montgomery Street, Suite 1200
San Francisco, California 94104

303697.1