RIVERA & ASSOCIATES

11341 Gold Express Drive, Suite 160
Gold River, CA 95670

Tel: 916-922-1200 Fax: 916 922-1303

Jesse M. Rivera, SBN 84259
Jonathan B. Paul, SBN 215884
Shanan L. Hewitt, SBN 200168
Jill B. Nathan, SBN 186136
Glen A. Williams, SBN 257665

Attorneys for Defendant,
JOSEPH ZALEC

# IN THE UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NICHOLAS K. VIEIRA, | CASE NO. 3:18-cv-05431 VC |
| Plaintiff, | **DEFENDANT JOSEPH ZALEC's ANSWER TO THE THIRD AMENDED COMPLAINT (Doc. 54) and DEMAND FOR JURY TRIAL** |
| vs. | |
| JOSEPH ZALEC; CITY OF ANTIOCH; COUNTY OF SACRAMENTO; and DOES 1 through 30, inclusive, | |
| Defendants. | |

Comes now Defendant JOSEPH ZALEC (hereinafter "Defendant") to hereby admit, deny, and allege as follows to Plaintiff NICHOLAS K. VIEIRA's Third Amended Complaint (Doc 54).

**JURISDICTION**

1. In response to paragraph 1, Defendant submits that this paragraph contains an averment of law to which a response is not deemed required. To the extent a response is deemed required, Defendant denies violating any State or Federal laws with regards to their obligations to Plaintiff. Defendant admits this court has jurisdiction over this matter.

**VENUE**

2. In response to paragraph 2, Defendant admits that venue is proper.

///

**INTRODUCTION**

3. In response to paragraph 3, Defendant admits that the incident that is the subject matter of the action herein occurred on September 12, 2017. Except as so admitted, Defendant generally and specifically denies any and all remaining allegations within said paragraph.

**PARTIES**

4. In response to paragraph 4, Defendant submits that this paragraph contains an averment of law to which a response is not deemed required. However, to the extent to which a response is deemed required, Defendant has insufficient information and belief in which to form a belief as to the truth of allegations within this paragraph, and on that basis denies said allegations.

5. In response to paragraph 5, Defendant admits that he is an employee with the County of Sacramento and was a resident of the County of Contra Costa. Defendant denies being in the course and scope of his employment at the time of the events in question. As to the balance of said paragraph, Defendant lacks sufficient knowledge or information in which to form a belief as to the truth of the remaining allegations within this paragraph, and on that basis denies said allegations.

6. In response to paragraph 6, Defendant lacks sufficient knowledge or information in which to form a belief as to the truth of the remaining allegations within this paragraph, and on that basis denies said allegations.

7. In response to paragraph 7, Defendant admits that he is an employee of the County of Sacramento. Denies as to the balance of said allegations within said paragraph, including that any actions occurred under the color of law, or was in the course and scope of his respective duties as a Sheriff's Deputy.

8. In response to paragraph 8, Defendant lacks sufficient knowledge or information in which to form a belief as to the truth of the remaining allegations within this paragraph, and on that basis denies said allegations.

9. In response to paragraph 9, Defendant submits that this contains an averment of law to which a response is not deemed required. However, to the extent to which a response is deemed required, Defendant lacks sufficient knowledge or information in which to form a belief as to the truth of the allegations within this paragraph, and on that basis denies said allegations.

10. In response to paragraph 10, Defendant submits that this contains an averment of law to which a response is not deemed required. However, to the extent to which a response is deemed required, Defendant lacks sufficient knowledge or information in which to form a belief as to the truth of the allegations within this paragraph, and on that basis denies said allegations.

### EXHAUSTION OF GOVERNMENT TORT CLAIMS PROCEDURES

11. In response to paragraph 11, Defendant admits that the incident that is the subject of this lawsuit occurred on September 12, 2017. With regard to the remaining allegations within this paragraph, Defendant lacks sufficient knowledge or information in which to form a belief as to the truth of those allegations and on that basis denies said allegations.

### FACTS COMMON TO ALL CLAIMS FOR RELIEF

12. In response to paragraph 12, Defendant admits that Plaintiff was arrested on September 12, 2017. Except as so admitted, Defendant generally and specifically denies any and all remaining allegations within said paragraph.

13. In response to paragraph 13, Defendant lacks sufficient knowledge or information in which to form a belief as to the truth of the allegations within this paragraph, and on that basis denies said allegations.

14. In response to paragraph 14, Defendant lacks sufficient knowledge or information in which to form a belief as to the truth of the allegations within this paragraph, and on that basis denies said allegations.

15. In response to paragraph 15, Defendant lacks sufficient knowledge or information in which to form a belief as to the truth of the allegations within this paragraph, and on that basis denies said allegations.

16. In response to paragraph 16, Defendant admits that VIEIRA approached Defendant's pick-up truck and that Alicia spoke to VIEIRA. Except as so admitted, Defendant generally and specifically denies any and all remaining allegations within said paragraph.

17. In response to paragraph 17, Defendant generally and specifically denies said allegations.

18. In response to paragraph 18, Defendant generally and specifically denies said

allegations.

19. In response to paragraph 19, Defendant admits that plaintiff grabbed a tire buddy and Defendant admits that he fired his personal weapon through a closed window in fear for his safety, and the safety of others striking plaintiff in the arm. Except as so admitted, Defendant generally and specifically denies any and all remaining allegations within said paragraph.

20. In response to paragraph 20, Defendant generally and specifically denies said allegations.

21. In response to paragraph 21, Defendant generally and specifically denies said allegations.

**FIRST CLAIM FOR RELIEF**
**Unreasonable Search and Seizure and Due Process-Excessive Force**
**(42 USC § 1983)**
(Against ZALEC and COUNTY)

22. In response to paragraph 22, Defendant incorporates by reference his responses to paragraphs 1 through 21 as though fully set forth herein.

23. In response to paragraph 23, Defendant generally and specifically denies said allegations.

24. In response to paragraph 24, Defendant generally and specifically denies said allegations.

25. In response to paragraph 25, Defendant generally and specifically denies said allegations.

26. In response to paragraph 26, Defendant generally and specifically denies said allegations.

**SECOND CLAIM FOR RELIEF**
**Negligence/Negligence Per Se - California State Law Claim**
**(Violation of Penal Code § 245(a)(2) - Assault with a Firearm)**
(Against ZALEC and COUNTY)

27. In response to paragraph 27, Defendant incorporates by reference his responses to paragraphs 1 through 26 as though fully set forth herein.

28. In response to paragraph 28, Defendant generally and specifically denies said

allegations.

29. In response to paragraph 29, Defendant generally and specifically denies said allegations.

30. In response to paragraph 30, Defendant generally and specifically denies said allegations.

**THIRD CLAIM FOR RELIEF**
**Negligence/Negligence Per Se - California State Law Claim**
**(Vehicle Code 23103 - Reckless Driving)**
(Against ZALEC )

31. In response to paragraph 31, Defendant incorporates by reference his responses to paragraphs 1 through 30 as though fully set forth herein.

32. In response to paragraph 32, Defendant generally and specifically denies said allegations.

33. In response to paragraph 33, Defendant generally and specifically denies said allegations.

**FOURTH CLAIM FOR RELIEF**
**Civil Battery- California State Law Claim**
**(Against Zalec and County)**

34. In response to paragraph 34, Defendant incorporates by reference his responses to paragraphs 1 through 33 as though fully set forth herein.

35. In response to paragraph 35, Defendant generally and specifically denies said allegations.

36. In response to paragraph 36, Defendant generally and specifically denies said allegations.

37. In response to paragraph 37, Defendant generally and specifically denies said allegations.

**FIFTH CLAIM FOR RELIEF**
**Civil Battery- California State Law Claim**
**(Against Zalec)**

38. In response to paragraph 38, Defendant incorporates by reference his responses to paragraphs 1 through 37 as though fully set forth herein.

39. In response to paragraph 39, Defendant generally and specifically denies said allegations.

40. In response to paragraph 40, Defendant generally and specifically denies said allegations.

## SIXTH CLAIM FOR RELIEF
### Unreasonable Search and Seizure and Due Process
**(42 U.S.C. 1983)**
(Against CITY and Does 13 through 22)

41. In response to paragraph 41, Defendant incorporates by reference his responses to paragraphs 1 through 40 as though fully set forth herein.

42. In response to paragraph 42, Defendant generally and specifically denies said allegations.

43. In response to paragraph 43, Defendant generally and specifically denies said allegations.

44. In response to paragraph 44, Defendant generally and specifically denies said allegations.

45. In response to paragraph 45, Defendant generally and specifically denies said allegations.

46. In response to paragraph 46, Defendant generally and specifically denies said allegations.

## PRAYER FOR RELIEF

In response to Plaintiff's prayer for relief, Defendant denies that Plaintiff is entitled to any compensatory, special or punitive damages, attorney fees, costs of suit, or any other relief Plaintiff seeks whatsoever based upon the allegations against responding Defendant in the Third Amended Complaint.

## AFFIRMATIVE DEFENSES

Defendant JOSEPH ZALEC hereby alleges the following separate and distinct affirmative defenses to Plaintiff's Third Amended Complaint:

///

**FIRST AFFIRMATIVE DEFENSE**

As a first affirmative defense, Defendant alleges that Plaintiff was solely negligent in and about the matters alleged in said Complaint and that such negligence on the part of said Plaintiff was the sole proximate cause of said accident and the loss and damage complained of by Plaintiff, if any there were.

**SECOND AFFIRMATIVE DEFENSE**

As a second affirmative defense, Defendant alleges that Plaintiff failed to mitigate the damages alleged in the Third Amended Complaint.

**THIRD AFFIRMATIVE DEFENSE**

As a third affirmative defense, Defendant alleges that any injuries or damages alleged in this action were proximately caused or resulted from the negligence of third parties or entities heretofore named, exclusive of this responding Defendant.

**FOURTH AFFIRMATIVE DEFENSE**

As a fourth affirmative defense, Defendant alleges that he is entitled to qualified immunity from liability because the his act of self-defense did not rise to the level of a violation of Plaintiff's constitutional rights and/or a reasonable officer would not have known his conduct violated clearly established law.

**FIFTH AFFIRMATIVE DEFENSE**

As a fifth affirmative defense, Defendant alleges Plaintiff's claims are barred by the doctrine of unclean hands in that Plaintiff created or exacerbated the incidents about which he complains in the Third Amended Complaint.

**SIXTH AFFIRMATIVE DEFENSE**

As a sixth affirmative defense, Defendant alleges Plaintiff's claims are barred by the doctrines of express or implied consent.

**SEVENTH AFFIRMATIVE DEFENSE**

As a seventh affirmative defense, Defendant alleges that Plaintiff's claims are barred by the doctrine annunciated in *Heck v. Humphry, 512 U. S. 477 (1994)*

/ / /

### EIGHTH AFFIRMATIVE DEFENSE

As an eighth affirmative defense, Defendant alleges that all acts and omissions alleged in the Third Amended Complaint fall within the immunities and defenses described in §§ 800 through 995 of the California Government Code.

### NINTH AFFIRMATIVE DEFENSE

As a ninth affirmative defense, Defendant alleges Plaintiff's claims, and each of them, are barred by the provisions of California Penal Code §§834(a), 835, 835a, 836, and 836.5.

### TENTH AFFIRMATIVE DEFENSE

As a tenth affirmative defense, Defendant assert that he is not liable to Plaintiff for any injury or damages, if any there were, caused by the exercise of discretion.

### ELEVENTH AFFIRMATIVE DEFENSE

As an eleventh affirmative defense, Defendant alleges that Plaintiff failed to use ordinary care for the safety of his person and property, was negligent and careless concerning the matters set forth in this action, and any damage suffered by him proximately resulted therefrom.

### TWELVE AFFIRMATIVE DEFENSE

As a twelfth affirmative defense, Defendant alleges that Plaintiff bears comparative fault for the injuries and damages claimed in the Third Amended Complaint pursuant to Cal. Civil Code § 1431 et. seq.

### THIRTEENTH AFFIRMATIVE DEFENSE

As a thirteenth affirmative defense, Defendant alleges that Plaintiff claims are barred by collateral estoppel and/or res judicata.

**WHEREFORE**, Defendant JOSEPH ZALEC prays that the Court provide the following relief:

Dismissal of the Third Amended Complaint; entry of judgment for Defendant; award of costs of suit and attorney's fees to Defendant; and such other relief as the Court deems proper.

### DEMAND FOR JURY TRIAL

Defendant JOSEPH ZALEC demands a jury trial as provided for in Rule 38, Federal Rules of Civil Procedure.

Dated:   August 13, 2019

Respectfully submitted,

RIVERA & ASSOCIATES

*/s/ Jonathan B. Paul*
JONATHAN B. PAUL
Attorneys for Defendant
JOSEPH ZALEC