UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

NICHOLAS K. VIEIRA,

    Plaintiff,

v.

COUNTY OF SACRAMENTO, et al.,

    Defendants.

Case No. 18-cv-05431-VC

**ORDER GRANTING IN PART AND DENYING IN PART THE DEFENDANTS' MOTIONS FOR SUMMARY JUDGMENT**

Re: Dkt. Nos. 69, 70

    1. The County has moved for summary judgment on Vieira's section 1983 excessive-force claim. But Vieira no longer has a section 1983 claim against the County. The Court ruled at the pleading stage that Vieira failed to adequately municipal liability under *Monell v. New York City Department of Social Services*, 436 U.S. 658 (1978). *See* Dkt. No. 42. In response, Vieira dropped his *Monell* claim rather than attempting to add allegations to support one. Indeed, Vieira's counsel confirmed at oral argument that he was no longer pursuing a *Monell* claim against the County. But this is the only way the County could have been liable under section 1983 for Zalec's conduct, because it is black-letter law that there is no *respondeat superior* liability for municipalities under section 1983. Therefore, there was no need for the County to move for summary judgment on the section 1983 claim based on *Heck v. Humphrey*, 512 U.S. 477 (1994), or based on the idea that Zalec didn't act under color of law; it defeated this claim long ago. The County's motion on the section 1983 excessive-force claim is denied as moot.[1]

---

[1] If the motion were not moot, the County would be entitled to summary judgment on the section 1983 excessive force claim for the first reason discussed in Section 2. Because the County is also entitled to summary judgment on the battery claims, it has now defeated all remaining claims by Vieira; judgment will be entered in the County's favor at the close of the case.

2. Zalec's motion for summary judgment on the section 1983 claim for excessive force is granted for two independent reasons. First, there is no evidence from which a rational jury could conclude that Zalec's use of force was under color of law. The test Vieira urges the Court to apply requires, among other things, that Zalec's "pretense of acting in the performance of his duties must have had the purpose and effect of influencing the behavior of others." Opposition at 20, Dkt. No. 82 (citing *Van Ort v. Estate of Stanewich*, 92 F.3d 831, 839–40 (9th Cir. 1996)). There is no evidence (indeed no allegation) that Zalec used his authority to influence anyone's behavior in furtherance of his effort to use force on Vieira. Instead, Vieira merely alleges that Zalec invoked his authority as an off-duty sheriff's deputy after the use of force had ended. Unlike *Anderson v. Warner*, 451 F. 3d. 1063, 1069 (9th Cir. 2006), where the off-duty officer invoked his authority to prevent bystanders from interfering with his efforts to use force on his victim, no reasonable jury could find that the shooting was "made possible only because the wrongdoer is clothed with the authority of state law." *West v. Atkins*, 487 U.S. 42, 49 (1988).[2]

Second, even if Zalec had acted under color of law, he would be entitled to qualified immunity. Considering the facts in a light most favorable to Vieira, Zalec's experience was as follows: (i) he was an off-duty sheriff's deputy; (ii) he picked up his girlfriend; (iii) they were followed and accosted by her angry and jealous ex-boyfriend; (iv) after a drawn-out confrontation on the roads while they were driving, their cars collided; (v) the ex-boyfriend came out of his car holding a 16-inch metal-tipped wooden stick called a "tire buddy"; and (vi) for this incident, the ex-boyfriend pleaded no contest in state court to brandishing a weapon and to stalking Zalec and his girlfriend. On these highly unusual facts, it would not be clear to every reasonable officer that it would violate the Fourth Amendment to respond to the ex-boyfriend holding the tire buddy by using his personal revolver to defend himself. *Nelson v. City of Davis*,

---

[2] Perhaps it would have been a closer question had Vieira asserted a different theory for why Zalec acted under color of law—namely, that Zalec decided, before he shot Vieira, that he needed to use his authority as a sheriff's deputy to place Vieira under arrest. That way, Zalec's use of force would be "in some way related to the performance of his official duties." *Van Ort*, 92 F.3d at 838. But Vieira has not asserted that theory, much less cited any case law or record evidence in support of it. He has thus forfeited any such argument.

685 F.3d 867, 883 (9th Cir. 2012), in which campus police shot an unarmed partygoer with a pepperball, and the other cases cited by Vieira are too far off point to support his contention that his rights were clearly established at the time of the incident. *See Kisela v. Hughes*, 138 S. Ct. 1148, 1153–54 (2018). To be sure, a plaintiff does not need to cite cases with nearly identical fact patterns to defeat qualified immunity, but it's not enough for a plaintiff to invoke the general Fourth Amendment prohibition on the use of unreasonable force, which is essentially all Vieira does here.[3]

3. The County's motion for summary judgment on the state-law claims is granted because the County is not liable for Zalec's conduct in this incident. To be sure, the County would be liable in *respondeat superior* for the state-law claims if Zalec were acting in the course and scope of his employment. Cal. Gov't Code § 815.2. But just as Zalec was not acting under color of law, there is no evidence from which a jury could conclude that the off-duty confrontation took place in the course and scope of his employment. *See Van Ort*, 92 F.3d at 840. Indeed, counsel for Vieira appeared to volunteer this point at oral argument.

4. Zalec's motion for summary judgment on the state-law claims is granted in part and denied in part. It is granted on the negligence claims, because any reasonable juror would be compelled to conclude that the harm to Vieira was proximately caused by his own criminal conduct. Cal. Civ. Code § 3333.3. If you angrily confront your ex-girlfriend and her new boyfriend and engage in a drawn-out confrontation with them on the roads, to the point that you have committed the crimes of stalking and brandishing, it is foreseeable that they might use force on you—even force that is exceeds what is permissible for self-defense. *See Espinosa v. Kirkwood*, 185 Cal. App. 4th 1269, 1274–75 (2010).

But the motion is denied on the battery claims. Zalec does not dispute that he could be found to have committed battery if the jury credited Vieira's testimony about the circumstances

---

[3] In light of this ruling on color of law and qualified immunity, there is no need to decide whether the section 1983 claim is barred by *Heck*, although it does not appear barred, at least on this incomplete record.

in which Zalec clipped him with the truck and later shot him in the arm. Instead, Zalec makes two arguments: (i) that Vieira failed to present his claim about being clipped by the truck to the County along with his other claims under the California Tort Claims Act; and (ii) that both battery claims are barred by the state-law analogue to *Heck* recognized in *Yount v. City of Sacramento*, 43 Cal. 4th 885, 902 (2008). On the first point, Zalec cannot benefit from Vieira's failure to present the truck-based claim to the County, because Zalec was not acting within the course and scope of his duties. Cal. Gov't Code § 950.2. On the second point, Zalec has not shown that a jury finding for Vieira on the battery claims would necessarily call into question the validity of Vieira's state-court convictions. On Vieira's version of the facts, he might have committed those crimes but still been on the wrong end of a decision by Zalec to use more force than was reasonably necessary to defend himself. *See Smith v. City of Hemet*, 394 F.3d 689, 696 (9th Cir. 2005) (en banc).

**IT IS SO ORDERED.**

Dated: November 8, 2019

_____
VINCE CHHABRIA
United States District Judge

4