UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NICHOLAS K. VIEIRA, <br> Plaintiff, <br> v. <br> COUNTY OF SACRAMENTO, et al., <br> Defendants. | Case No. 18-cv-05431-VC <br><br> **FINAL RULINGS ON MOTIONS IN LIMINE (AS AMENDED)** <br><br> Re: Dkt. Nos. 98, 99, 100, 101, 102, 103 |

This order summarizes the Court's final rulings on the parties' motion in limine. As a reminder, a ruling on a motion on limine may be revised at trial. *See City of Pomona v. SQM North America Corp.*, 866 F.3d 1060, 1070 (9th Cir. 2017).[1]

A. Vieira's Motion in Limine

1. The motion to exclude all evidence, references, and arguments concerning Vieira's convictions for stalking and brandishing is granted in large part. The tentative ruling on this motion concluded that Zalec could admit the Vieira's convictions as relevant evidence of whether Zalec acted in self-defense. *See* Dkt. No. 112. That was erroneous. The Ninth Circuit has held that Federal Rule of Evidence 410—though specifically referring only to pleas—bars the admission of no-contest pleas *and* convictions based on no-contest pleas as "proof that the pleader actually committed the underlying crimes charged." *United States v. Nguyen*, 465 F.3d 1128, 1131 (9th Cir. 2006).[2] Thus, Zalec may not seek admission of the convictions as evidence

---

[1] This order has been amended to correct a typo in the last sentence of the ruling on Zalec's second motion in limine.

[2] In addition, the judgment of conviction is subject to the rule against hearsay if offered for the truth of the matter asserted. Fed. R. Evid. 803(22)(A); *see Nguyen*, 465 F.3d at 1131–32.

of Vieira's conduct during their interaction.[3]

However, as explained in the final ruling on Zalec's fourth motion in limine, Vieira cannot argue that the convictions are invalid or present a theory of liability inconsistent with his criminal liability under *Heck v. Humphrey*, 512 U.S. 477 (1994). If Vieira presents a narrative that is inconsistent with one of the elements of either conviction (say, that he brandished the Tire Buddy in self-defense), the jury will be instructed that, based on a prior proceeding, it must treat as proven that Vieira engaged in the conduct covered by that element.

The stalking conviction, even though it's the result of a no-contest plea, is admissible for a more limited purpose: to impeach Vieira's character for truthfulness. Fed. R. Evid. 609(a); *Brewer v. City of Napa*, 210 F.3d 1093, 1096 (9th Cir. 2000). That is so because Vieira faced a maximum sentence of three years for felony stalking. *See* Cal. Penal Code § 649.9(a); *People v. Muhammad*, 157 Cal. App. 4th 484, 489 n.5 (2007). Thus, Zalec's counsel may cross-examine him on the fact that he has been convicted for stalking, although he may not ask the question in a way that implies that the conviction arose from the same course of conduct. In contrast, misdemeanor brandishing is not punishable by imprisonment for more than one year under California law, nor does it possess an element of dishonesty, thereby placing that conviction outside of Rule 609's scope as impeachment evidence. *See* Cal. Penal Code § 417(a)(1).

### B. Zalec's Motions in Limine

1. The motion to exclude the testimony of Roger Clark is granted. Clark is not qualified to reconstruct the shooting, and his methodology for determining the position of Vieira's arm—

---

[3] Federal courts in this district have relied on California's parallel provision addressing the admissibility of no-contest pleas. *See, e.g.*, *Baca v. State of California*, 2016 WL 234399, at *3 (N.D. Cal. Jan. 20, 2016). That provision excludes no-contest pleas and related admissions for misdemeanors but permits the admission of this evidence for felonies. *See* Cal. Penal Code § 1016(3). But the Federal Rules of Evidence govern diversity cases to the exclusion of state rules of evidence unless the rule (however labeled) is effectively a substantive rule of state law. *See Primiano v. Cook*, 598 F.3d 558, 563 (9th Cir. 2010); *see also Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579, 589 n.6 (1993) (explaining that the *Erie* doctrine is inapplicable to the Federal Rules of Evidence). Because Rule 410 is more protective of Vieira than section 1016(3), the Court need not decide whether section 1016(3) is a disguised substantive rule. *Cf. Feldman v. Allstate Insurance Co.*, 322 F.3d 660, 667 & n.5 (9th Cir. 2003).

inserting a stick into a differently sized dummy's arm without accounting for the angle or location of the gun relative to Vieira—lacks any indicia of reliability. *See* Fed. R. Evid. 702.

Nor may Clark testify about whether Zalec's use of force was reasonable. Juries evaluate the use of force by officers acting in the scope of their employment by reference to "the perspective of a reasonable officer in the same situation" under California Penal Code § 835a(a)(4), and whether an officer's conduct satisfies this standard is a proper subject of expert testimony. But this is not a police practices case, since Zalec was an off-duty police officer acting outside the scope of his employment. Instead of the leeway granted to officers for split-second decisions by section 835a, Zalec is entitled to the more limited justification available to any other civilian: self-defense. Under California law, self-defense is objective and depends on the perspective of "an abstract individual of ordinary mental and physical capacity who is as prudent and careful as any situation would require him to be." *People v. Jefferson*, 119 Cal. App. 4th 508, 518 (2004). This is likely not an appropriate subject of expert testimony, and in any event Clark's opinion does not speak to it. Contrary to Vieira's argument at the pretrial conference, *People v. Humphrey*, 13 Cal. 4th 1073 (1993), does not stand for the broad proposition that expert testimony regarding the defendant's subjective ability to assess risk is relevant to objective standard of self-defense. That case instead held, in reliance on a statute specifically authorizing its admission, that expert testimony on battered woman's syndrome is relevant to the jury's evaluation of the reasonableness of the defendant's decision to use force. *Id.* at 1086–87.[4]

2. The motion to exclude the testimony of John Baker is granted in part and denied in part. Baker has the expert qualifications to reconstruct the vehicle accident. To the extent there are weaknesses in this portion of Baker's opinion, they can be explored on cross-examination. But Baker does not possess any relevant qualifications in shooting reconstruction, nor did he

---

[4] To the extent Vieira contends that off-duty officers possess a special duty to avoid acting in self-defense in situations where a typical civilian would be justified in acting in self-defense, he has provided no authority for that position, and none is readily apparent.

provide a reliable methodology for reconstructing the shooting. Instead, Baker "eyeball[ed]" a photograph of the wound and watched a YouTube video posted by an anonymous user. Baker Dep. 116:13–15, 122:22–123:7. And it should go without saying that Baker's possession of a concealed-carry permit does not qualify him to opine on the reasonableness of Zalec's use of force.

    3. The motion to exclude the testimony of Frank Diaz is granted in part and denied in part. Diaz may not include the impact of Vieira's convictions on his earning capacity, because the alleged batteries did not cause Vieira's convictions. In addition, any attempt to impose civil damages on Zalec stemming from the convictions would run afoul of *Heck*. Similarly, Diaz may not testify that Vieira's damages include the lost opportunity to become a deputy sheriff, a career path foreclosed by the convictions. But Diaz may testify about how Vieira's physical limitations impact his earning capacity, because his expert report disclosed the number and type of jobs that Vieira can no longer perform with reasonable accommodation because of the gunshot wound. Zalec remains free to challenge Diaz's basis for discounting the accommodations that Vieira to this point has received, but that expert opinion nonetheless provides an adequate basis for the jury to assess the lost earning capacity damages attributable to the shooting alone.

    4. Zalec's motion to exclude evidence and argument that the convictions were a byproduct of a biased or improper investigation is largely granted. For the most part, this motion is obviated by the revised ruling on Vieira's motion in limine, because the convictions won't be admissible to prove Vieira committed stalking or brandishing. But to reiterate: California has adopted the *Heck* doctrine for state-law torts. *Yount v. City of Sacramento*, 43 Cal. 4th 885, 902 (2008). As explained in a prior order, the fact that Vieira stalked Azevedo and exhibited the Tire Buddy in a rude, angry, or threatening manner doesn't necessarily defeat a showing that Zalec used more force than was reasonably necessary to defend himself. *See Reese v. County of Sacramento*, 888 F.3d 1030, 1046 (9th Cir. 2018). But *Heck* forbids Vieira to pursue claims "based on theories that necessarily imply the invalidity of his convictions or sentences." *Cunningham v. Gates*, 312 F.3d 1148, 1153 (9th Cir. 2002) (internal quotation marks and

brackets omitted). This means, for example, that Vieira is precluded from arguing or testifying that he acted in self-defense when brandishing the Tire Buddy, because this would negate an element of the statute under which he was convicted. *See Cunningham v. Gates*, 312 F.3d 1148, 1154 (9th Cir. 2002). And if Vieira takes the stand and presents a narrative that is effectively one of self-defense, the Court will instruct the jury that any claim of self-defense by Vieira is foreclosed by a prior judicial proceeding. *See Wilkerson v. Wheeler*, 772 F.3d 834, 842 (9th Cir. 2014). Subject to these limitations, however, Vieira may offer his own narrative of the events, because *Heck* "is not an evidentiary bar, but a claims bar." *Id.* at 841 (internal quotation marks omitted); *see also Simpson v. Thomas*, 528 F.3d 685, 695–96 (9th Cir. 2008).

5. Zalec's motion to exclude the medical bills is denied. Because no party received the medical bills before the disclosure deadlines, Vieira's failure to comply with Federal Rule of Civil Procedure 26 was "substantially justified." Fed. R. Civ. P. 37(c)(1). However, as discussed at the pretrial conference, California law conditions recovery for unpaid medical bills on proof that the "services were attributable to the [tort], that they were necessary and that the charges for such services were reasonable." *State Farm Mutual Automobile Insurance Co. v. Huff*, 216 Cal. App. 4th 1463, 1471 (2013). It is unclear whether the treating physician will be qualified to testify to the reasonableness of the charges, and Vieira must present an offer of proof on this issue.

**IT IS SO ORDERED.**

Dated: February 24, 2020

VINCE CHHABRIA
United States District Judge