UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

NICHOLAS K. VIEIRA,

                    Plaintiff,

        v.

JOSEPH ZALEC,

                    Defendant.

Case No.  18-cv-05431-VC

**FINAL JURY INSTRUCTIONS**

Dated:

_____
VINCE CHHABRIA
United States District Judge

## INSTRUCTION NO. 1

## DUTY OF JURY

It is your duty to find the facts from all the evidence in the case. To those facts, you will apply the law as I give it to you. You must follow the law as I give it to you, whether you agree with it or not. And you must not be influenced by any personal likes or dislikes, opinions, prejudices, biases, stereotypes, or sympathy. That means that you must decide the case solely on the evidence before you. You will recall that you took an oath to do so.

You must follow all these instructions and not single out some and ignore others; they are all important. Please do not read into these instructions or anything that I may say or do or have said or done that I have an opinion regarding the evidence or what your verdict should be.

## INSTRUCTION NO. 2

## WHAT IS EVIDENCE

The evidence you are to consider in deciding what the facts are consists of:

1.	the sworn testimony of any witness;

2.	the exhibits that are admitted into evidence;

3.	any facts to which the lawyers have agreed; and

4.	any facts that I have instructed you to accept as proved.

**INSTRUCTION NO. 3**

**WHAT IS NOT EVIDENCE**

In reaching your verdict, you may consider only the testimony and exhibits received into evidence. Certain things are not evidence, and you may not consider them in deciding what the facts are. I will list them for you:

1.  Arguments and statements by lawyers. The lawyers are not witnesses. What they have said in their opening statements, closing arguments and at other times is intended to help you interpret the evidence, but it is not evidence. If the facts as you remember them differ from the way the lawyers have stated them, your memory of them controls.

2.  Questions and objections by lawyers. Attorneys have a duty to their clients to object when they believe a question is improper under the rules of evidence. You should not be influenced by the objection or by my ruling on it.

3.  Testimony that is excluded or stricken, or that you have been instructed to disregard.

4.  Anything you may have seen or heard when the court was not in session.

**INSTRUCTION NO. 4**

**DIRECT AND CIRCUMSTANTIAL EVIDENCE**

Evidence may be direct or circumstantial. Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did. Circumstantial evidence is proof of one or more facts from which you could find another fact. You should consider both kinds of evidence. The law makes no distinction between the weight to be given to either direct or circumstantial evidence. It is for you to decide how much weight to give to any evidence.

## INSTRUCTION NO. 5

## CREDIBILITY OF WITNESSES

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it. In considering the testimony of any witness, you may take into account:

1.     the opportunity and ability of the witness to see or hear or know the things testified to;
2.     the witness's memory;
3.     the witness's manner while testifying (although keep in mind that different people react differently to testifying in court);
4.     the witness's interest in the outcome of the case, if any;
5.     the witness's bias or prejudice, if any;
6.     whether other evidence contradicted the witness's testimony;
7.     the reasonableness of the witness's testimony in light of all the evidence; and
8.     any other factors that bear on believability.

Sometimes a witness may say something that is not consistent with something else he or she said. Sometimes different witnesses will give different versions of what happened. People often forget things or make mistakes in what they remember. Also, two people may see the same event but remember it differently. You may consider these differences, but do not decide that testimony is untrue just because it differs from other testimony.

However, if you decide that a witness has deliberately testified untruthfully about something important, you may choose not to believe anything that witness said. On the other hand, if you think the witness testified untruthfully about some things but told the truth about others, you may accept the part you think is true and ignore the rest.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify. What is important is how believable the witnesses were, and how much weight you think their testimony deserves.

**INSTRUCTION NO. 6**

**IMPEACHMENT EVIDENCE – WITNESS**

The evidence that a witness has been convicted of a crime may be considered, along with all other evidence, in deciding whether or not to believe the witness and how much weight to give to the testimony of the witness, and for no other purpose.

**INSTRUCTION NO. 7**

**EXPERT OPINION**

You have heard several expert witnesses offer opinions in this case. This opinion testimony is allowed because of the education or experience of this witness, and because the opinions could be of assistance to you in deciding the facts.

Such opinion testimony should be judged like any other testimony. You may accept it or reject it, and give it as much weight as you think it deserves, considering the witness's education and experience, the reasons given for the opinion, and all the other evidence in the case.

**INSTRUCTION NO. 8**

**CHARTS AND SUMMARIES**

Certain charts and summaries have been used to help explain the contents of records, documents, or other evidence in the case. Charts and summaries are only as good as the underlying evidence that supports them. You should, therefore, give them only such weight as you think the underlying evidence deserves.

**INSTRUCTION NO. 9**

**CLAIMS, DEFENSES, AND BURDEN OF PROOF**

With one exception discussed later, the standard of proof in this case is called "a preponderance of the evidence." When a party has the burden of proving a claim or defense by a preponderance of the evidence, it means you must be persuaded by the evidence that the claim or defense is more probably true than not true. You should base your decision on all of the evidence, regardless of which party presented it.

Viera claims that Zalec committed three separate batteries against him. I will refer to these as Incident 1, Incident 2, and Incident 3. In the first incident, Vieira claims that Zalec caused his truck to hit Vieira's body. In the second incident, Vieira claims that Zalec caused his truck to collide with Vieira's truck. And in the third incident, Vieira claims that Zalec shot him.

Zalec denies committing any of the batteries. In addition, with respect to Incident 3, Zalec contends that even if he committed a battery, he is not liable for it because he acted in self-defense.

For each incident, Vieira has the burden of proving by a preponderance of the evidence that Zalec committed a battery. With respect to Incident 3, if you conclude that Vieira has succeeded in proving battery, then you must consider whether Zalec committed that battery in self-defense. Zalec has the burden of proving that he acted in self-defense by a preponderance of the evidence.

**INSTRUCTION NO. 10**

**BATTERY – ELEMENTS**

To establish that a battery occurred in a particular incident, Vieira must prove by a preponderance of the evidence each of the following three elements:

1. That Zalec caused Vieira to be touched with the intent to harm him. (A person acts with intent to harm if he is substantially certain that the harm will result from his conduct.)

2. That Vieira did not consent to the touching. (A person may express consent by words or acts that are reasonably understood by another person as consent. A person may also express consent by silence or inaction if a reasonable person would understand that the silence or inaction intended to indicate consent.)

3. That Vieira was harmed by Zalec's conduct.

## INSTRUCTION NO. 11

### SELF-DEFENSE

Even if a person commits a battery, he is not liable for that battery if he acted in self-defense. Therefore, with respect to Incident 3, if you conclude that Vieira has proven the three elements of battery, you must next consider whether Zalec acted in self-defense. To establish self-defense, Zalec must prove the following two elements by a preponderance of the evidence:

1. That he reasonably believed that Vieira was going to harm him; and

2. That he used only the amount of force that was reasonably necessary to protect himself.

When deciding whether the Zalec's beliefs were reasonable, consider all the circumstances as they were known to and appeared to Zalec, and consider what a reasonable person in a similar situation with similar knowledge would have believed.

Zalec is entitled to use only that amount of force that a reasonable person would believe is necessary in the same situation. If Zalec used more force than was reasonable, then he did not act in self-defense.

Zalec was not required to retreat. He is entitled to stand his ground and defend himself until the danger of death or great bodily injury has passed. This is so even if safety could have been achieved by retreating.

**INSTRUCTION NO. 12**

**OTHER WRONGFUL ACTS**

You have heard evidence that Vieira committed wrongful acts outside the time period involving Incidents 1, 2, and 3. You may consider this evidence only as to its relevance, if any, to Zalec's state of mind during the incidents.

## INSTRUCTION NO. 13

### DAMAGES

It is my duty to instruct you about the measure of damages. By instructing you on damages, I do not mean to suggest which side should win.

If you find that Zalec liable for battery (that is, if you find that he committed a battery and that he did not act in self-defense), you must determine Vieira's damages for that battery. Vieira has the burden of proving damages by a preponderance of the evidence. Damages means the amount of money that will reasonably and fairly compensate the plaintiff for any injury you find was caused by Zalec. You should consider the following:

1. The nature and extent of the injuries;

2. The disability, disfigurement, and loss of enjoyment of life experienced and that with reasonable probability will be experienced in the future;

3. The mental, physical, emotional pain and suffering experienced and that with reasonable probability will be experienced in the future;

4. The reasonable value of wages lost up to the present time;

5. The reasonable value of earning capacity that with reasonable probability will be lost in the future;

It is for you to determine what damages, if any, have been proved. Your award must be based upon evidence and not upon speculation, guesswork or conjecture. However, the law does not require that Vieira prove the amount of his losses with mathematical precision.

**INSTRUCTION NO. 14**

**DAMAGES ON MULTIPLE COUNTS**

Vieira seeks damages from Zalec based on three alleged separate and distinct incidents.

You must assess damages separately for each incident.

The following items of damages are recoverable only once for each count:

1. Emotional distress/pain and suffering.

2. Lost wages or wage earning capacity.

**INSTRUCTION NO. 15**

**STIPULATION RE LOST WAGES IN THE FIRST SIX MONTHS**

If you find that Vieira is entitled to damages, the parties have stipulated that Vieira's lost wages during the first six months following the incident can be no greater than $9,500.

## INSTRUCTION NO. 16

## DAMAGES ARISING IN THE FUTURE – DISCOUNT TO PRESENT CASH VALUE

Any award for future economic damages must be for the present cash value of those damages.

Noneconomic damages such as pain and suffering, disability, and disfigurement are not reduced to present cash value.

Present cash value means the sum of money needed now, which, when invested at a reasonable rate of return, will pay future damages at the times and in the amounts that you find the damages will be incurred or would have been received.

The rate of return to be applied in determining present cash value should be the interest that can reasonably be expected from safe investments that can be made by a person of ordinary prudence, who has ordinary financial experience and skill. You should also consider decreases in the value of money that may be caused by future inflation.

**INSTRUCTION NO. 17**

**NOMINAL DAMAGES**

If you find for Vieira, but you find that he has failed to prove damages as defined in these instructions, you may still award nominal damages. Nominal damages may not exceed one dollar.

## INSTRUCTION NO. 18

## MALICE OR OPPRESSION

If you find Zalec liable on one or more of the battery claims, you will also be asked to decide whether Vieira proved that Zalec acted with malice or oppression when committing that particular battery. Vieira's claim of malice and oppression is subject to a higher burden of proof than the other claims in this case. Vieira must prove this claim by clear and convincing evidence. This means Vieira must persuade you that it is highly probable that Zalec acted with malice or oppression.

"Malice" means that Zalec acted with intent to cause injury or that Zalec's conduct was despicable or was done with a willful and knowing disregard of the rights or safety of another. A person acts with knowing disregard when he or she is aware of the probable consequences of his or her conduct and deliberately fails to avoid those consequences.

"Oppression" means that Zalec's conduct was despicable and subjected Vieira to cruel and unjust hardship in knowing disregard of his rights.

"Despicable conduct" is conduct that is so vile, base, or contemptible that it would be looked down on and despised by reasonable people.

## INSTRUCTION NO. 19

## DUTY TO DELIBERATE

Before you begin your deliberations, elect one member of the jury as your Presiding Juror. The Presiding Juror will preside over the deliberations and serve as the spokesperson for the jury in court.

You shall diligently strive to reach agreement with all of the other jurors if you can do so. Your verdict must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all of the evidence, discussed it fully with the other jurors, and listened to their views.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision. Do not be unwilling to change your opinion if the discussion persuades you that you should. But do not come to a decision simply because other jurors think it is right or change an honest belief about the weight and effect of the evidence simply to reach a verdict.

## INSTRUCTION NO. 20

## CONSIDERATION OF THE EVIDENCE – CONDUCT OF THE JURY

Because you must base your verdict only on the evidence received in the case and on these instructions, I remind you that you must not be exposed to any other information about the case or to the issues it involves. Except for discussing the case with your fellow jurors during your deliberations:

Do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it. This includes discussing the case in person, in writing, by phone or electronic means, via email, via text messaging, or any internet chat room, blog, website or application, including but not limited to Facebook, YouTube, Twitter, Instagram, LinkedIn, Snapchat, or any other forms of social media. This applies to communicating with your family members, your employer, the media or press, and the people involved in the trial. If you are asked or approached in any way about your jury service or anything about this case, you must respond that you have been ordered not to discuss the matter and to report the contact to me or to the Courtroom Deputy.

Do not read, watch, or listen to any news or media accounts or commentary about the case or anything to do with it; do not do any research, such as consulting dictionaries, searching the Internet, or using other reference materials; and do not make any investigation or in any other way try to learn about the case on your own. Do not visit or view any place discussed in this case, and do not use the Internet or any other means to search for or view any place discussed during the trial. Also, do not do any research about this case, the law, or the people involved— including the parties, the witnesses or the lawyers—until you have been excused as jurors. If you happen to read or hear anything touching on this case in the media, turn away and report it to me

as soon as possible.

These rules protect each party's right to have this case decided only on evidence that has been presented here in court. Witnesses here in court take an oath to tell the truth, and the accuracy of their testimony is tested through the trial process. If you do any research or investigation outside the courtroom, or gain any information through improper communications, then your verdict may be influenced by inaccurate, incomplete, or misleading information that has not been tested by the trial process. Each of the parties is entitled to a fair trial by an impartial jury, and if you decide the case based on information not presented in court, you will have denied the parties a fair trial. Remember, you have taken an oath to follow the rules, and it is very important that you follow these rules.

A juror who violates these restrictions jeopardizes the fairness of these proceedings, and a mistrial could result that would require the entire trial process to start over. If any juror is exposed to any outside information, please notify me immediately.

## INSTRUCTION NO. 21

## TRANSCRIPT OF TRIAL AND AUDIO FILES

You will not have a transcript of the trial in the jury room. If, during your deliberations, you determine that you want to review the testimony of a witness again, you can request to have that witness's testimony, or a portion of that witness's testimony, read back to you in the courtroom, with all of us present. It is up to me whether to permit a readback, and I may require that the entirety of the witness's testimony be read back into the record, rather than just the portion you request. The readback could contain errors. This readback will not reflect the witness's demeanor, tone of voice, and other aspects of the live testimony. The way you remember and understand the live testimony controls. Finally, in your exercise of judgment, the testimony read cannot be considered in isolation, but must be considered in the context of all the evidence presented.

You also will not have audio files in the jury room, but if an audio file has been admitted into evidence and you wish to hear it again, you can request that it be played back (or that a portion of it be played back) in the courtroom.

**INSTRUCTION NO. 22**

**COMMUNICATION WITH COURT**

If it becomes necessary during your deliberations to communicate with me, you may send a note through the Courtroom Deputy, signed by any one or more of you. No member of the jury should ever attempt to communicate with me except by a signed writing. I will not communicate with any member of the jury on anything concerning the case except in writing or here in open court. If you send out a question, I will consult with the lawyers before answering it, which may take some time. You may continue your deliberations while waiting for the answer to any question. Remember that you are not to tell anyone—including me or the Courtroom Deputy—how the jury stands, whether in terms of vote count or otherwise, until after you have reached a unanimous verdict or have been discharged.

**INSTRUCTION NO. 23**

**RETURN OF VERDICT**

A verdict form has been prepared for you. After you have reached unanimous agreement on a verdict, your Presiding Juror should complete the verdict form according to your deliberations, sign and date it, and advise the Courtroom Deputy that you are ready to return to the courtroom.