UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NICHOLAS K. VIEIRA, <br><br>    Plaintiff, <br><br>v. <br><br>COUNTY OF SACRAMENTO, et al., <br><br>    Defendants. | Case No. 18-cv-05431-VC <br><br>**ORDER DENYING MOTION FOR NEW TRIAL** <br><br>Re: Dkt. No. 152 |

Following a jury trial, the Court entered final judgment on March 4, 2020. *See* Dkt. No. 141. Vieira filed a motion for a new trial on April 2, 2020, or 29 days after entry of judgment. Under the federal rules, a motion for a new trial "must be filed no later than 28 days after the entry of judgment." Fed. R. Civ. P. 59(b). The Court cannot extend this deadline—not even for good cause. Fed. R. Civ. P. 6(b)(2). Thus, the motion for a new trial is denied as untimely.[1]

**IT IS SO ORDERED.**

Dated: April 9, 2020

VINCE CHHABRIA
United States District Judge

---

[1] The Ninth Circuit has labeled this deadline jurisdictional. *See Tillman v. Ass'n of Apartment Owners of Ewa Apartments*, 234 F.3d 1087, 1089 (9th Cir. 2000). Recent precedent strongly indicates that Rule 59(b) merely prescribes a claims-processing rule and does not implicate jurisdiction. *Hamer v. Neighborhood Services of Chicago*, 138 S. Ct. 13, 20 (2017). Here, however, that distinction makes no difference because Zalec timely raised the deadline. Dkt. No. 156; *see Manrique v. United States*, 137 S. Ct. 1266, 1271–72 (2017). The text of Rules 6(b)(2) and 59(b) leaves no room for equitable tolling. *Nutraceutical Corp. v. Lambert*, 139 S. Ct. 710, 714 (2019).