UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NICHOLAS K. VIEIRA,<br><br>    Plaintiff,<br><br>    v.<br><br>COUNTY OF SACRAMENTO, et al.,<br><br>    Defendants. | Case No. 18-cv-05431-VC<br><br>**ORDER DENYING MOTION FOR ATTORNEY'S FEES**<br><br>Re: Dkt. No. 123 |

After successfully moving for summary judgment, the County of Sacramento requests an award of attorney's fees totaling more than $90,000. A defendant (like the County) that defeats a claim brought under 42 U.S.C. § 1983 can recover its attorney's fees "only where the suit was vexatious, frivolous, or brought to harass or embarrass the defendant." *Hensley v. Eckerhart*, 461 U.S. 424, 429 n.2 (1983); *see* 42 U.S.C. § 1988. As the motion correctly notes, Nicholas Vieira's second amended (and ultimate) complaint included a frivolous claim—specifically, a claim purporting to hold the County vicariously liable under section 1983 for the acts of its employee, Joseph Zalec. Vicarious liability of this sort is squarely foreclosed by nearly a half century of Supreme Court precedent. The law really couldn't be any clearer: "[A] local government may not be sued under § 1983 for an injury inflicted solely by its employees or agents." *Monell v. New York City Dept. of Social Servs.*, 436 U.S. 658, 694 (1978). But fee shifting remains as a matter of discretion, not an automatic consequence of a frivolous claim. *See Christiansburg Garment Co. v. EEOC*, 434 U.S. 412, 421 (1978). For at least three reasons, an award of fees would not be appropriate in this case.

First, the County is at least partly to blame for the confusion in this case. Rather than

move to dismiss the plainly inadequate section 1983 claim, the County waited until its motion for summary judgment to argue a derivative entitlement to the qualified immunity possessed by Zalec. The County's enthusiasm in branding Vieira's claim as frivolous brings to mind the old adage about glass houses: The County's theory of immunity, no less than Vieira's theory of liability, was long ago decisively rejected by the Supreme Court. *Owen v. City of Independence*, 445 U.S. 622, 638 (1980).

        Second, Vieira also brought state-law claims against the County. While California law permits fee shifting under appropriate circumstances, the County has not demonstrated that Vieira pursued his state-law claims without "reasonable cause." Cal. Civ. Proc. Code § 1038(a). These claims could not proceed past summary judgment because Vieira didn't marshal enough evidence to support a theory that Zalec acted within the scope of his employment, a necessary element to each of the state-law claims against the County. *See* Dkt. No. 94. But a reasonable attorney could have "thought the claim tenable" that Zalec discharged his firearm for reasons related to his job—say, while attempting to arrest Vieira for stalking or brandishing a deadly weapon. *Nuveen Municipal High Income Opportunity Fund v. City of Alameda*, 730 F.3d 1111, 1118 (9th Cir. 2013). Nor is there evidence that Vieira lacked an "honest belief in the viability of the claims." *Id.* If you were shot by an off-duty sheriff's deputy after you committed multiple crimes, no one would fault you for mistakenly concluding that his official duties played a role in the shooting. *See Inouye v. County of Los Angeles*, 30 Cal. App. 4th 278, 284 (1994). Although the facts didn't fit that theory at the end of the day, the state-law claims weren't dead on arrival or maintained beyond their expiration date.

        Third, the County made no attempt to identify what costs are attributable to the section 1983 claim, yet a prevailing defendant can recover only "the portion of his fees that he would not have paid but for the frivolous claim." *Fox v. Vice*, 563 U.S. 826, 836 (2011). As the preceding paragraph explains, the state-law claims don't give rise to an independent entitlement to fees, and the County's attorneys would have spent time, for example, conducting discovery into these factually intertwined claims even in the absence of the frivolous claim. Or consider the

fees incurred in the six months of litigation that preceded the filing of the second amended complaint. These fees, of course, were not caused by the second amended complaint. And up until that point, Vieira had alleged a legally viable (albeit not factually plausible) claim for municipal liability under *Monell*. *See* Dkt. No. 42. Although the County argues otherwise, Vieira had a non-frivolous basis to allege that Zalec acted under color of law for essentially the same reasons that he could have reasonably believed that Zalec acted within the scope of his employment. *See Anderson v. Warner*, 451 F.3d 1063, 1068–69 (9th Cir. 2006).

The County simply ignored its obligation to disentangle the fees caused by the frivolous claim from those fees that would have been incurred anyway. Perhaps the County found the task prohibitively difficult, but that is no reason to overlook the law's demands. *See Braunstein v. Arizona Dep't of Transportation*, 683 F.3d 1177, 1189 (9th Cir. 2012).

**IT IS SO ORDERED.**

Dated: June 19, 2020

_____
VINCE CHHABRIA
United States District Judge